The opinion of the court was delivered by
Parlange, J.
The defendant having been indicted for murder, was tried, found guilty of manslaughter and sentenced to imprisonment in the State penitentiary for a term of twenty years. He has appealed. He relies, for the reversal of the judgment against him, upon three bills of exception. The gravest complaint which he makes is as to the refusal of the judge a quo to grant him a new trial. The morion for a new trial alleges, among other matters, that the jurors separated while they were deliberating; that they drank a large quantity of whiskey; that one or more of the jurors were under the influence of liquor, and that while they were deliberating they were boisterous and noisy, so much so that on one of the two nights during which they were deliberating, their noise prevented the inhabitants of the town from sleeping. The motion for a new trial sets out at length and in detail the alleged misconduct.
From the testimony of the deputy sheriff who was in charge of the jury, it clearly appears that the jurors separated. After they had entered upon their deliberations the deputy sheriff took them to his *1177 house, which is about three hundred yards from the court house. The ten white jurors were placed in one of the rooms in the house and the two colored jurors were placed in the kitchen, at a distance of about thirty-five feet from the room in which the white jurors were. After the jurors had retired for the night the deputy sheriff left the room in which the white jurors were, and he occupied another adjoining room. There was no officer with the white jurors during that night, nor was there any with the colored jurors. The doors of the rooms were not locked. The jurors might have left their rooms without the knowledge of the deputy sheriff. There is a back door to the room in which the colored jurors slept, and they might have gone out of their room without the knowledge of the deputy sheriff.
These facts are clearly established. There was no attempt to disprove them. The deputy sheriff admits them.
It is well established that in capital cases the jury can not be permitted to separate. 4 An. 434; 5 An. 398; 11 An. 282; 12 An. 710; 21 An. 321.
In capital cases, upon a separation of the jurors, misconduct and abuse will be presumed. 8 R. 554; 21 An. 321; 23 An. 213; 41 An. 691; 43 An. 828.
In State vs. Warren, 43 An. 828, this court held that in a capital case a separation of the jury, part of the jurors remaining without a deputy in charge, while the others are led out of the building, is fatal to the prosecution.
The defendant is so manifestly entitled to relief because of the separation of the jurors and by reason of the failure of the deputy sheriff to properly remain in charge of them, that we consider it unnecessary to pass upon the other questions presented.
It is therefore ordered that the verdict of the jury be set aside and the judgment appealed from annulled, avoided and reversed; that the defendant be detained in custody, subject to the orders of the Sixth Judicial District Court for the Parish of West Carroll, to await further prosecution or proceedings according to law.