No. 13,067.

STATE OF LOUISIANA VS. RICHARD J. DEVALL.

SYLLABUS.

1. It is competent for constables to act for the sheriff, on his designation, in executing the orders that official is directed to carry into effect. C. P. 765.

2. And, in such case, they have authority to act throughout the extent of their respective parishes. C. P. 1160; R. S. 638; 31 An. 189.

3. Thus acting, they may legally summon *tales* jurors and are competent officers of the court to have in charge a jury in a criminal case pending consideration of the verdict.

4. Lodging jurors over-night in three communicating rooms, doors between open, other doors locked, the officer in charge present in the rooms, no outside communication with the jury, is not a *separation* in the legal sense vitiating the verdict.

5. Besides citizens discharging important public functions, jurors are human beings, entitled to have their wants, necessities, comfort and well-being consulted and provided for.

ON APPEAL from the Fifteenth Judicial District Court for the Parish of East Baton Rouge. *Brunot, J.* ·

*M. J. Cunningham,* Attorney General, and *H. N. Sherburne,* District Attorney, for Plaintiff and Appellee.

*L. D. Beale* and *G. K. Favrot* for Defendant, Appellant.

Submitted on briefs February 11, 1899.
Opinion handed down February 20, 1899.

The opinion of the court was delivered by
BLANCHARD, J. This was an indictment for murder, followed by a conviction for manslaughter and a sentence of twenty years at hard labor.

Defendant appeals.

The grounds for reversal, set forth in a bill of exceptions taken to the ruling of the trial judge denying a motion for a new trial, are:

1. That V. M. Moran, who acted as deputy sheriff in summoning the *tales* jurors, was not a sworn deputy sheriff of the court.

2. That the said Moran and A. A. Miller, who had charge of the

32

jury after the case was submitted to them, were not sworn officers of the court.

3. That there was a separation of the jury after submission of the case to them and before the verdict was returned.

The testimony adduced on trial of the motion is annexed to and made part of the bill of exceptions.

Moran and Miller were both duly elected, commissioned and qualified constables of the Parish of East Baton Rouge, and both had been designated as deputy sheriffs and employed for some time in that capacity by the sheriff of the parish. It does not appear that the oath of office as *regular* deputy sheriffs had been administered to them; but it does appear that such oaths as special deputies at election precincts had been administered to them the preceding November.

In their capacity as constables of the parish it was competent for them to act for the sheriff in executing the orders that official was directed to carry into effect. C. P. 765.

Constables have authority to act throughout the extent of their respective parishes, and are empowered to execute all orders, decrees and judgments which judges and justices of the peace may direct to them. C. P. 1160; R. S. 633.

They may, in their official capacity, or with the sheriff's delegated authority, act for the sheriff within the limits of the parishes in and for which they are elected as constables. State vs. Boitreaux, 31 La. Ann. 189.

Constable Moran, therefore, acting as deputy sheriff, was a competent officer of the court to summon the *tales* jurors in this case, and he and Constable Miller, also acting as deputy sheriff, were competent officers to have the jury in charge pending their consideration of the verdict to be returned.

After a criminal case is submitted to the jury, they are to be kept together, under the charge of an officer, in such a way as to be secluded from all communication with other parties, until they have agreed on a verdict, or it appear that it is impossible for them to agree. Wharton Crim. Plead. & Prac. 8th Ed., Section 727.

In this statement of the law three essentials appear:

1. The jury to be kept together.
2. Under charge of an officer.
3. Secluded from all outside communication.

Were these essentials observed in the instant case?

We find they were.

The jury was kept together. They were, over-night, locked in three communicating rooms—communicating with each other, and the doors between, open; other and outside doors locked. They were in charge of a sworn officer, a constable of the parish, who was acting as deputy sheriff and had been deputed by the sheriff to take and have them in charge, and who remained with them all the time. Where they were thus kept in the custody of the officer was a convenient place, and the testimony shows no outside influence reached them. Hence, it must be held, for the purposes of this trial, that they were beyond the reach of outside influence.

The case of the State vs. Foster, 45 La. Ann. 1176, cited by defendant, is not in point. There the jury did actually separate, and no officer was with either of the two separated sets of jurors during the night. The rooms occupied by the two sets, ten in one room, two in another, were not communicating, nor were the doors affording ingress and egress, to and from such rooms, locked.

Neither is State vs. Warren, 48 La. 828, in point. There four of the jurors were conducted out of the building by the sheriff, leaving the other eight in the jury room unattended by any officer in charge. And so with State vs. Costello, 11 La. Ann. 283, and the other authorities relied on by defendant. They are not apposite. There was actual, undoubted, undisputed separation of the jury in those cases and, properly, the verdicts were held vitiated.

We do not think lodging the jurors, in the instant case, in the three communicating rooms, doors between open, a separation of them in the legal sense, vitiating this verdict. They had access to one another and were in easy reach and hearing all the time. It was a *keeping of them together* in the purview of the law. Besides, citizens discharging important public functions, jurors are human beings, entitled to have their wants, necessities, comfort and well being consulted and provided for, and the recognition of this furnishes alike the reason and motive of the sheriff in providing the accommodations supplied by the three communicating rooms, with supper and breakfast at the restaurant below.

In the absence of any showing of communication with them by outside parties, we decline to hold that what he did in this respect merits the judicial condemnation which would result from setting aside this verdict because of it.

It is not a case justifying the presumption of misconduct and. abuse.

Judgment affirmed.