(81 South. 337)

No. 23347.

STATE v. WOODARD et al.

(March 10, 1919. Rehearing Denied March 31, 1919.)

*(Syllabus by Editorial Staff.)*

1. JURY ⟨⟩32(2)—TRIAL BY JURY OF FIVE —CONSTITUTIONAL AND STATUTORY PROVISIONS.

Act No. 9 of 1912, under which accused was charged with willfully shooting at another, providing a penalty of not more than 20 years, with or without hard labor, falls within the class of cases contemplated by Const. art. 116, which must be tried by a jury of five, or by the court without a jury, if waived.

2. CRIMINAL LAW ⟨⟩1066 — MOTION FOR NEW TRIAL—SUFFICIENCY.

An exception to the overruling of a motion for new trial and the motion reciting nothing but questions of fact, over which the Supreme Court has no jurisdiction, except by reference to a charge covered by another exception, presented nothing for review.

3. MUNICIPAL CORPORATIONS ⟨⟩183(5) — TOWN MARSHAL—AUTHORITY—TERRITORIAL LIMITS.

The marshal of a town incorporated under the general municipal statute (No. 136 of 1898) under section 25, which makes a marshal ex officio a constable, in view of section 42, directing courts to take judicial cognizance of the class to which a town or city belongs, has authority, under Rev. Laws 1897, § 633, outside the town limits and coextensive with the parish limits.

Provosty, J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman and James Andrew, Judges.

John Woodard and another were charged with the crime of willfully shooting, and Woodard alone was convicted, and he appeals. Reversed and remanded.

R. F. Liebler, of Alexandria (Hundley & Hawthorn, of Alexandria, of counsel), for appellant.

A. V. Coco, Atty. Gen., and T. A. Carter, Dist. Atty., of Alexandria (Blackman, Overton & Dawkins, of Alexandria, and Thomas W. Robertson, of New Orleans, of counsel), for the State.

DAWKINS, J. John Woodard and another were charged with the crime of willfully shooting at, Woodard alone was convicted, and from a judgment and sentence of from 2 to 4 years in the penitentiary, he prosecutes this appeal.

[1] At the trial, accused objected to being tried by a jury of 5 instead of 12, which objection was overruled, but no bill of exceptions was retained to the ruling of the court, and since nothing is said about the matter in brief, we assume that the issue has been abandoned. In any event, Act. No. 9 of 1912, under which accused was charged, provides a penalty of not more than 20 years, with or without hard labor, and therefore, falls clearly within the class of cases contemplated by article 116 of the Constitution, which must be tried by a jury of 5, or by the court without a jury, if waived.

There are two formal bills of exception in the record, to wit:

First. To the charge of the presiding judge, at the instance of the state, that "a town marshal has no right to go outside of his territorial jurisdiction"; and

Second. To the overruling by said judge of a motion for a new trial.

We shall discuss these exceptions in reverse order.

### Motion for New Trial.

[2] There is nothing in this exception or the motion upon which it is based, for it recites nothing but questions of fact, over which this court has no jurisdiction, except to the extent that it refers to the charge of the court covered by the first exception. Therefore, no relief can be had thereunder.

Charge as to the Authority of a Town Marshal.

[3] Appellant contends that there was error in the following charge, given at the instance of the state's counsel, to wit:

"A town marshal has no right to go outside of his territorial jurisdiction."

Nothing in the record discloses whether the town of Pineville is incorporated under the general municipal statute, No. 136 of 1898, known as the Lawrason Act, or by special statute. If its charter was obtained under the former, the marshal was ex officio a constable, whose authority was coextensive with the limits of the parish. Section 25 of that act reads:

"Be it enacted, etc., that the marshal shall be ex officio a constable. He shall be the chief of police thereof, and shall perform all other duties required of him by ordinance."

Turning to section 633 of Wolff's Revised Laws, dealing with the powers and duties of constables, we read:

"They shall have authority to act throughout the extent of their respective parishes." State v. Boitreaux, 31 La. Ann. 189; State v. Devall, 51 La. Ann. 498, 25 South. 384.

And also in Garland's Revised Code of Practice, art. 1160, we find the following:

"Constables, except in the parish of Orleans, shall have authority to act throughout the extent of their respective parishes, and they shall execute all orders, decrees and judgments which judges and justices of the peace may direct to them."

There being nothing in the record to the contrary, we must assume that Pineville was incorporated under the general municipal law, or Act 136 of 1898, above referred to, and that appellant, its marshal, was ex officio a constable for the parish of Rapides, clothed with the powers of a peace officer. Section 42 of this act directs that the courts shall take judicial cognizance of the class to which a town or city belongs.

Under those circumstances, the judge's charge to the jury was erroneous, since every city, town, or village marshal, under the state law dealing with municipalities generally, is ex officio a constable, and does have the right to go outside of his territorial jurisdiction as marshal, in the discharge of his duties and powers as constable. Newburn v. Durham, 88 Tex. 288, 31 S. W. 195; McQuillin on Municipal Corp. vol. 2, p. 978, § 437; 4 Century Dig. p. 776 et seq.

We need not consider the question of the right to arrest with or without a warrant, etc., for there is nothing in the charge which presents such an issue, and we must assume that the judge charged correctly on that score.

The charge was calculated to mislead the jury, in that it indicated that accused had no right to discharge any official duty beyond the corporate limits of Pineville. It should have been qualified by citing the law above quoted, which makes all marshals of municipalities existing under the general law ex officio constables and conservators of the peace throughout the entire parish in which such municipalities are located.

For the reasons assigned, the judgment of the lower court is annulled and reversed, the verdict of the jury set aside, and the case remanded, to be proceeded with according to law and the views herein expressed.

O'NIELL, J., concurs in the decree.

See dissenting opinion of PROVOSTY, J., 81 South. 338.