DAWICINS; J.
Defendant prosecutes this appeal from a conviction and sentence for possessing intoxicating liquors for beverage purposes contrary to law.
No briefs were filed by either side.
The case comes up on three bills of exception, the first to the overruling a motion to quash, the second to the refusal to grant a new trial, and the third reserved to the denial of the motion in arrest of judgment.
Bill No. 1. The grounds of the motion to quash were:
(1) That municipal courts have no jurisdiction to try offenses under the Hood Bill.
(2) In the alternative, that the Act 39 of the Extra Session of 1921, the Hood Bill, is unconstitutional, in that
(a) It contravenes the federal Constitution by attempting to penalize the possession of intoxicating liquor for beverage purposes, “either with or without a permit therefor from proper federal authorities, and irrespective! of whether such intoxicating liquors were or were not legally acquired.”
(b) It violates section 16 of article 3 of the state Constitution of 1921, requiring that the title indicate the object of the act.
(c) The title of the act does not indicate its purpose to define intoxicants, persons, and vehicles; nor does it indicate the purpose to dispose of fines imposed and collected.
(3) That the act embraces more than one object.
(4) That if the said act is held constitutional, the affidavit in this ease should be quashed:
(a) Because no offense under the criminal laws of the state can be tried, except upon indictment or information;
(b) That the said affidavit “does not specify or describe any particular crime or offense against your defendant.”
 In the absence of proof as to the law under which the city of Alexandria is incorporated, we presume it to be the Act 136 of 1898, § 29, of which, as amended by Act No. 91 of 1904, provides that in wards containing cities of more than 5,000 inhabitants, there shall be a city judge with jurisdiction *789 to try all cases not punishable with hard labor. State v. Woodard, 144 La. 845, 81 South. 337. And we take judicial cognizance of the census showing the population of Alexandria to exceed 5,000 inhabitants.
2 (a) Both the title and body of the act excludes from its operation cases in which intoxicating liquors are' possessed under a “permit therefor from proper federal authorities.” And we know of nothing which would prevent the Legislature from declaring illegal any other sort of possession.
2 (b) We have already held (State v. Coco, 92 South. 883 [1]) that the title of the act does indicate its object.
 2 (c) The title of the law does not have to be an index to every provision which it contains, but it is sufficient if the general purpose and object is indicated. The title being to prohibit the possession, etc., of intoxicants, was sufficient to cover the definition of intoxicants in the body, the Subject with which it was dealing; and since, under that title it was sufficient for the body to declare that any person, firm, corporation, association, etc., violating its provisions should be punished as therein provided, no different result flows from the use of the word “person” in one section, and the defining it in another as including the several kinds of persons known to the law.
3. We have heretofore decided the act embraces only one object. State v. Coco, supra.
4 (a) Act No. 160 of 1910, § 2, specifically declares that (in municipal or city courts):
“In all criminal cases, in prosecution under the state laws it shall not be necessary to file an information or indictment against the accused but the accused shall be prosecuted under an affidavit setting forth such particulars therein as may be necessary to enable him to make a. proper defense.”
Nothing but misdemeanors can be prosecuted in municipal courts, and the Legislature had and has the power, both under the old (Consts. 1898 and 1913, art. 9) and the new Constitutions (Const. 1921, art. 1, § 9) to so prescribe.
4 (b) We do not understand (not being assisted by brief) just what is meant by the averment that the affidavit does not charge a crime. It does allege that the defendant possessed intoxicating liquor for beverage purposes, without a lawful permit, and contrary to law. This, we think, was sufficient.
Binding no other error patent upon the record, the judgment and sentence are affirmed. >
O’NIELL, J., being absent from the state, takes no part in the decision of this case.

 Ante, p. 241.