ST. PAUL, J.
 

 The' defendant was charged with selling, for beverage purposes,' certain intoxicating liquor, to wit, “tincture of Jamaica ginger, an alchoholic liquid containing more than one-half of 1 per cent, of alcohol by volume, and fit for use for intoxicating beverage purposes.”
 

 He was duly convicted and sentenced to ■60 days’ imprisonment and to pay a fine of $500, and, in default of payment, to serve
 
 four months
 
 additional in jail.
 

 His appeal presents three bills of exception.
 

 I.
 

 The first and third bills of exception are reserved to the overruling of his motions to quash the charge and in arrest of judgment.
 

 The motions -to quash and in arrest are identical, and raise two points:
 

 (a) He urges that Act 57 of 1924, p. 93, purporting to amend section 8 of Act 39 of 1921, p. 42, violates section 16 of article 3 of the Constitution of 1921, page 8 (which provides that every law shall embrace but one object, “and shall have a title indicative of such object”), in that the title to said Act of 1924 does not state
 
 tvherein or how
 
 said section 8 of the Act of 1921 is to be amended.
 

 Act 39 of 1921, aforesaid, forbade, inter alia, the manufacture, sale, or possession of intoxicating liquor for beverage purposes, and section 8 thereof, as originally enacted, undertook to define certain intoxicating liquors by mere reference to'federal laws; thus, ■“all as defined by federal legislation.”
 

 Some doubt having arisen as to the constitutionality of a legislative enactment conceived in such terms (Const. 1921, art. 3, § 18, p. 8), the Legislature then adopted Act 57 of 1924, aforesaid, wherein such intoxicating liquor is defined more particularly, and as follows, to wit:
 

 “Any spirituous, vinous, malt, or fermented liquor, liquids and compounds by whatever name called, and all alcoholic liquids either medicated, proprietary or patented,
 
 containing one half of one peroentotm or more of alcohol ly volume, which are fit for use as a leverage or for intoxicating leverage purposes.”
 

 Said amending act is entitled, “An act to amend and re-enact section 8 of Act No; 39 of 1921, entitled,
 
 ‘An act to
 
 prohibit,’ etc.” (giving the title of said act in full).
 

 From all of which it appears that section 8 of Act 39 of 1921 defines certain intoxicating liquors, and that Act 57 of 1924 does exactly that same thing; that the title to the act of 1924
 
 indicates
 
 that it purposes to amend that section of the act of 1921 which defines intoxicating liquor, and the act itself, then proceeds to amend the definition of intoxicating liquor, just as the title indicates.
 

 In State v. Boylston, 138 La. 21, 69 So. 860, this court .said (on rehearing):
 

 “Where the object of an act is to amend a statute already in existence, or to amend a particular section of a statute,, the title of which declares its object, it is sufficient that the title of the amending act shall refer to the statute to be amended
 
 by its title,
 
 and declare the object to be to amend and re-enact such statute or section, but in such case, the -statute or sec
 
 *891
 
 tion to be revised or amended must be ‘re-enacted and ■ published at length,’ and the matter contained in the amending act must be germane to that contained in the other.” * * * And “the reason that an act, or part of an act, may be amended by reference to its title, and by its re-enactment and publication, is that the legislators and the public at large are presumed to have some knowledge of an existing law, and hence, when their attention is called to such a law, by reference to its title, contained in an amending act, they know, within certain limits, what they may expect; i. e., other provisions, germane, or relevant, to those which are to be amended.”
 

 The contention that the object of Act 57 of 1924 is not indicated by its title is therefore not sound.
 

 (b) Defendant further urges that Act 39 of 1921 violates that provision of our Constitution against “cruel and unusual punishments,” in that it authorizes a fine of $500 and. 60 days’ imprisonment, and an additional. year’s imprisonment in default of payment of fine; ^ all for the comparatively light offense of selling two small vials of medicated alcoholic liquid.
 

 In State v. Sharp, 156 La. 531, 100 So. 707, this court said’
 
 :
 

 “We are clearly of the opinion that a sentence of $500 and 60 days’ imprisonment, and, in default of payment of the fine, of one year additional in jail, for one offense of unlawfully manufacturing [or selling] intoxicating liquor, is not unconstitutional. The fjno is not excessive, nor is the punishment cruel and unusual”—citing Cardillo v. People, 26 Colo. 355, 58 P. 678.
 

 In that same case we even held that it was not cruel or unusual punishment, or unconstitutional, to inflict
 
 three
 
 such sentences (cumulative and not concurrent) for three separate offehses committed about the same time, and of -which the defendant was convicted all at one time.
 

 Hence the contention that the punishment actually herein imposed, or even the full penalty herein authorized by the statute, is cruel and unusual, and therefore unconstitutional, is also not sound.
 

 And we therefore see no merit in these two bills of exception.
 

 II.
 

 The other bill of exception is the usual perfunctory bill reserved to the overruling of a motion for a new trial on the ground of insufficiency of the evidence to warrant a conviction, as to which this court is wholly without jurisdiction. Const. 1921, art. 7, § 10; in fine, p. 40.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.
 

 O’NIELL, C. J., concurs in the decree, but does not consider the Boylston Case author ity because the decision itself went the other way.