(110 So. 723)

No. 28142.

STATE v. McCALL.

In re McCALL.

(Nov. 2, 1926.   Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** &#9410;121(2)—State need not furnish bill of particulars with purchaser's name and exact hour and place of alleged sale of Jamaica ginger.

In prosecution for sale of Jamaica ginger for beverage purposes, state need not furnish bill of particulars giving exact hour and place in the parish where sale was made, or give quantity sold or the name of the purchaser.

2. **Statutes** &#9410;114(6)—Prohibition law defining liquor and intoxicating liquor held not unconstitutional as broader than its title (Act No. 39 of 1921 [Ex. Sess.]; Const. art. 3, §§ 16, 18).

Act No. 39 of 1921 (Ex. Sess.) *held* not in violation of Const. art. 3, §§ 16, 18, as being broader than its title because of attempt to define liquor and intoxicating liquor.

3. **Statutes** &#9410;135—Law supplying specific definition for intoxicating liquids by amendment of act defining them by reference to federal law held not invalid as amending unconstitutional section (Act No. 57 of 1924, amending Act No. 39 of 1921 [Ex. Sess.] § 8).

Act 57 of 1924, amending section 8 of Act No. 39 of 1921 (Ex. Sess.) and supplying specific definition of certain intoxicating liquids previously defined by reference to federal law, *held* not invalid as being an attempt to amend an unconstitutional section of act.

4. **Criminal law** &#9410;489—Defendant's counsel objecting to competency of state witness to state opinion held properly restricted, before reception, to cross-examination on that question.

Court's ruling, restricting cross-examination of state's witness, prior to reception of opinion testimony, to question of competency to give opinion on subject of intoxicating beverages, *held* proper.

5. **Intoxicating liquors** &#9410;223(3)—Testimony of sales of tincture of ginger, double strength, held not at variance with indictment for sale of tincture of ginger containing more than one-half of I per cent. of alcohol.

Under indictment charging unlawful sale of tincture of ginger containing more than one-half of 1 per cent. of alcohol by volume, fit for use for beverage purposes, testimony charging sales of tincture of ginger, double strength, *held* not at variance therewith.

6. **Criminal law** &#9410;371(10)—Evidence of sales of Jamaica ginger on other dates prior to that alleged held admissible for showing intent (Act No. 39 of 1921 [Ex. Sess.]).

In prosecution for sale of Jamaica ginger for beverage purposes, in violation of Hood Act (Act No. 39 of 1921 [Ex. Sess.]), evidence of sales on other dates previous to those alleged in indictment *held* admissible as showing intent.

7. Criminal law ⊚⟲698(2)—Intoxicating liquors ⊚⟲231—Testimony of various uses of Jamaica ginger for medicinal and household purposes held irrelevant and properly excluded on court's own motion (Act No. 39 of 1921 [Ex. Sess.]).

In prosecution for sale of Jamaica ginger, in violation of the Hood Act (Act No. 39 of 1921 [Ex. Sess.]), testimony relative to various uses of Jamaica ginger, tincture of ginger, and extract of ginger for medicinal and household purposes *held* irrelevant and properly excluded on court's own motion.

8. Criminal law ⊚⟲1144(½)—It will not be assumed that trial judge erred in exercise of judicial function.

Supreme Court will not assume that trial judge has erred in exercise of any judicial function.

9. Criminal law ⊚⟲814(1), 829(1)—Refusal of special charge covered in general charge or not applicable to law or facts is not error.

Refusal to give special charge is not error, if matter is properly covered in general charge or it is not shown that special charge is applicable to law or facts of case.

10. Criminal law ⊚⟲789(4)—Exception to charge requiring proof of accused's guilt beyond reasonable doubt held without merit.

Exception to charge to effect that, before conviction can be had, guilt of accused must be shown beyond reasonable doubt *held* without merit.

11. Criminal law ⊚⟲1159(2)—Supreme Court cannot pass on sufficiency of evidence.

Jurisdiction of Supreme Court is limited to review of questions of law in criminal cases, since it cannot pass on sufficiency of evidence.

12. Criminal law ⊚⟲1064(5)—Motion for new trial on ground verdict is contrary to law and evidence presents nothing for review.

Motion for new trial, based solely on averment that verdict is contrary to law and the evidence, presents nothing for review by Supreme Court.

13. Criminal law ⊚⟲942(1)—New trial on ground evidence could be produced to show prosecuting witness was unworthy of belief held properly refused.

New trial on ground that defendant believes he could produce evidence that prosecuting witness was unworthy of belief *held* properly refused.

14. Criminal law ⊚⟲942(1)—New trial to impeach credibility of witness will not be granted.

New trial will not be granted merely to impeach credibility of witness.

15. Intoxicating liquors ⊚⟲242—Sentence of $250 and costs, with alternative jail sentence for selling Jamaica ginger, held erroneous (Act No. 39 of 1921 [Ex. Sess.]).

Under Act No. 39 of 1921 (Ex. Sess.), prescribing penalty for selling intoxicating liquor as fine not exceeding $500 and imprisonment not less than 10 or more than 60 days, sentence of $250 and costs, with alternative jail sentence, *held* erroneous.

W. P. McCall was convicted for selling Jamaica ginger for beverage purposes, and he brings certiorari, mandamus, and prohibition. Writs denied, but sentence avoided, and case remanded for proper sentence.

George W. Smith, of Rayville, and Thomas C. Newton, of Monroe, for relator.

Percy Saint, Atty. Gen., and David I. Garrett, Dist. Atty., of Monroe, for the State.

BRUNOT, J. Relator was tried, convicted, and sentenced for a violation of one of the provisions of the Hood Act (Act No. 39 of 1921 [Ex. Sess.]); viz., selling Jamaica ginger, an alcoholic liquid containing more than one-half of 1 per cent. of alcohol by volume, for beverage purposes. He applied to this court for writs of certiorari, mandamus, and prohibition. A rule nisi issued, the district judge answered the rule, and the application is submitted on the record.

[1] Before pleading to the charge in the district court, relator filed a motion for a bill of particulars in which he prayed for the following information: The exact hour of the day on which the offense is alleged to have been committed; the exact place in the parish where the sale was made; the quantity of Jamaica ginger sold; and the name of the purchaser. The district attorney answered the motion and, in obedience to the order of court, supplied the desired par-

ticulars only as to the quantity of Jamaica ginger alleged to have been sold.

In State v. Lewis, 159 La. 109, 105 So. 243, the defendant prayed to be informed of the exact day and hour of the alleged sale, the exact place in the parish where the sale was made, the kind and quantity of liquor sold, the name of the purchaser of the liquor, and the price paid for the liquor, etc. In that case we said:

"In charging the commission of an offense, it is sufficient if the information alleges that it was committed on or about a particular day. State v. De Arman, 153 La. 345, 95 So. 803; State v. Oras Marcantel, 158 La. 674, 104 So. 612; and State v. Cryar, 158 La. 498, 104 So. 304. * * * It is not necessary for the information to designate with particularity the place in the parish where the offense was committed. R. S. 1062–1063; State v. Gomer, 6 La. Ann. 311; State v. Ackerman, 51 La. Ann. 1213, 26 So. 80; State v. Burkhalter, 118 La. 637 [657], 43 So. 268; State v. Kilshaw, 158 La. 203, 103 So. 740. The name of the purchaser of the liquor need not be given. State v. Burkhalter, 118 La. 657, 43 So. 268; State v. Moeling, 129 La. 204, 55 So. 764; State v. Selsor, 127 La. 515, 53 So. 737; State v. John, 129 La. 212, 55 So. 766; State v. Munlin, 133 La. 60, 62 So. 351; State v. Jackson, 135 La. 365, 65 So. 491; State v. Mines, 137 La. 489, 68 So. 837; State v. Coile, 137 La. 673, 69 So. 90; State v. Smith, 139 La. 442, 71 So. 734; State v. Garland, 140 La. 401, 73 So. 246; State v. Scott, 155 La. 222, 99 So. 45; State v. Cryar, 158 La. 498, 104 So. 304."

In the Lewis Case, we also quoted from Marr's Crim. Jur. (2d Ed.) vol. 1, p. 515, the following:

"A bill of particulars is not a matter of right; it rests greatly in the discretion of the trial judge, and its refusal furnishes no ground for reversal unless prejudice be clearly shown, and the refusal is proper when particulars are not necessary to enable defendant to make a proper defense."

The court declined to order the district attorney to fix the exact hour, or the exact place in the parish of the alleged sale or to give the name of the alleged purchaser. We see no error in the ruling.

Relator's first bill of exception was reserved to the overruling of his demurrer and motion to quash the information as amended by the bill of particulars filed by the district attorney. The demurrer is merely anticipatory, and it seems to be urged in an abundance of precaution. It is based upon the allegation that the defense might be prejudiced unless the exact time and place of the alleged crime is fixed in the information. The authorities cited, supra, dispose of this contention. The motion to quash attacks the constitutionality of Act 39 of 1921 (Ex. Sess.) and of Act 57 of 1924.

Relator alleges that the body of Act 39 of 1921 (Ex. Sess.) is broader than its title and is therefore repugnant to section 16 of article 3 of the Constitution; that the act is contrary to section 18 of article 3 of the Constitution because it attempts to adopt a system or code of laws by reference only; that the body of Act 57 of 1924 is broader than its title in that the title does not state in what particulars section 8 of Act 39 of 1921 (Ex. Sess.) is amended; that the act defines *intoxicating liquor, liquor, person,* and *vehicle,* although no such purpose is disclosed in the title; that the act attempts to amend and re-enact an unconstitutional law and to incorporate therein matter not mentioned in the title; and, that both acts are in contravention of the rights granted by the federal Constitution and laws and the rules and regulations promulgated thereunder by the federal administrative bureaus.

[2] All of the contentions here made by relator have been passed upon by this court. The contention that the body of Act 39 of 1921 (Ex. Sess.) is broader than its title, in that it attempts to define *liquor* and *intoxicating liquor,* is disposed of by the following cases: State v. Coco, 152 La. 241, 92 So. 883; State v. Archinard, 152 La. 786, 94 So. 395.

Section 8 of Act 39 of 1921 (Ex. Sess.) is

amended by Act 57 of 1924 so as to read as follows:

"That the word 'liquor' or the phrase 'intoxicating liquors' wherever used in this act shall be construed to include alcohol, whisky, brandy, rum, gin, beer, ale, porter, wine, and any spirituous, vinous, malt, or fermented liquor, liquids and compounds by whatever name called, and all alcoholic liquids either medicated, proprietary or patented, containing one-half of 1 per centum or more of alcohol by volume, which are fit for use as a beverage or for intoxicating beverage purposes.

"The word 'person' shall mean natural persons, associations, copartnerships, corporations, and their clerks, officers, agents, and servants.

"The word 'vehicle' shall include all such means of transportation as a buggy, wagon, automobile, truck, water or air craft," etc.

[3] Act 57 of 1924 has been held by this court to be a valid enactment. In State v. Scallan, 160 La. 162, 106 So. 731, we had occasion to pass upon a plea identical, in several respects, with the one now before us. In that case we said:

"The plea that the act is unconstitutional refers only to that class of intoxicating liquors which are described in the amending act as: 'all alcoholic liquids, either medicated, proprietary or patented, containing one-half of one per centum, or more of alcohol by volume, which are fit for use as a beverage or for intoxicating beverage purposes.' That class of intoxicating liquors was described originally, in the eighth section of the Act of 1921 [Ex. Sess.] as, 'all alcoholic liquids, either medicated, proprietary, or patented, which are fit for use as a beverage or for intoxicating beverage purposes, all as defined by federal legislation.' The change that was made by the amendment, in the definition of that kind of intoxicating liquors, was merely to substitute for the qualifying phrase, 'all as defined by federal legislation,' the phrase, 'containing one-half of 1 per centum or more of alcohol by volume.' It is argued by the learned counsel for appellant that this amendment gives the statute a broader scope than its title indicates, because it outlaws all medicated, proprietary, or patented liquids containing one-half of 1 per cent., or more of alcohol by volume and fit for use as a beverage or for intoxicating beverage purposes, whether they be or be not so 'defined by federal legislation.' If federal legislation forbids—as we believe it does forbid —the sale for beverage purposes, of any or all medicated, proprietary, or patented liquids containing one-half of 1 per cent. or more of alcohol by volume and fit for use as a beverage or for intoxicating beverage purposes, the eighth section of the statute is not broader in its scope now than it was originally, when it used the phrase, 'as defined by federal legislation,' instead of stating the minimum alcoholic content of these outlawed liquids.

"It is contended, also, that the title of the amending act should indicate the change that is made in the provisions of the act. The title of the amending act merely declares that it is 'An act to amend and re-enact section 8 of Act No. 39, of 1921 [Ex. Sess.], entitled, "An act to prohibit the manufacture,"' etc. [reproducing verbatim the title of the original act]. * * * The title of the original act is as appropriate for the amended act as it was for the original act. The title of the act did not originally and does not now refer to the phrase, 'as defined by federal legislation,' or refer to the minimum alcoholic content of the outlawed liquids, whether medicated, proprietary, or patented. Therefore the substitution of the phrase 'containing one-half of 1 per cent., or more of alcohol by volume,' for the phrase, 'as defined by federal legislation,' did not make the title of the act less indicative of its object than it was originally."

The Scallan, Coco, and Archinard Cases, cited supra, and State v. Whitlock, 159 La. 888, 106 So. 369, dispose of relator's attack upon Act 39 of 1921 (Ex. Sess.) and Act 57 of 1924. The constitutionality of these acts has been questioned in a number of other cases that have been before us, but our decisions are uniform and in accord with the views expressed in the cases we have cited in this connection. The validity of section 8 of Act 39 of 1921 (Ex. Sess.) has been specially upheld by this court, except as to the definition therein by reference to the federal law, of certain intoxicating liquids which are outlawed when possessed or sold for beverage purposes. Act 57 of 1924 amends section 8 of Act 39 of 1921 (Ex. Sess.) and supplies a specific definition for this class of intoxicants. That was the sole purpose of the amending act. It is our opinion that Act 57 of 1924 is not an attempt to amend

an unconstitutional section of an act, and an attack upon it on that ground is untenable.

Bills Nos. 2, 3, 4, 5, and 6 were reserved during the trial to the overruling of objections, by counsel for defendant, to the admission or exclusion of evidence.

[4] Jack Barnett was sworn as a state witness and was asked whether the tincture of Jamaica ginger he bought from the defendant was fit for use for intoxicating beverage purposes. The proposed testimony was objected to on the ground that the witness was not competent to express an opinion upon the subject. The district attorney withdrew the question and asked the witness if he had drunk, on previous occasions, such Jamaica ginger as he had bought from defendant. We quote the answer of the witness and such pertinent questions and answers as followed:

"A. Yes, sir; I drank some Jamaica ginger bought from various parties, I bought in the city of Monroe—which is the first time I ever drank Jamaica ginger.

"Q. State whether or not this ginger or Jamaica ginger is fit for use for intoxicating beverage purposes.

"Mr. Smith: I ask to interrogate this witness with respect to the basis of his opinion.

"By the Court: Yes; you may cross-examine him.

"Mr. Smith: Mr. Barnett, you have examined these three bottles and identified them and referred to the labels—printed labels on the bottles, which are partially covered up by other labels pasted thereon. I will ask you to examine and state whether or not it is not a fact that those printed labels all say that these bottles contain 'tincture of ginger, double strength, U. S. P.'? A. Yes, sir.

"Q. And doesn't it also say that nonbeverage alcohol is used in the manufacture and preparation? A. I cannot say that.

"Mr. Garrett: Just a moment. I understood the point sought by the attorney for the defendant, at this time, was to examine the witness as to his experience so as to find out whether or not he was competent to testify as to Jamaica ginger; and we object to any other testimony at this time as the witness has not been tendered for cross-examination.

"By the Court: Objection sustained.

"Mr. Smith: To which ruling counsel for defendant excepts and reserves a bill."

"By the Court: The ruling does not restrict the counsel for the defendant to cross-examine the witness as to his competency to testify about whether the beverage he is testifying about could be used for intoxicating beverage purposes. The court holds that he has a right to cross-examine along that line to test his competency."

The foregoing is the sole basis for bill No. 2. There is no merit in the bill. The fitness of a witness to testify as an expert or to give an opinion is an independent fact, separate and apart from the merits of the case, which fact must be established as a condition precedent to the admissibility of the testimony. The court's ruling reserved to defendant every right, in this respect, to which he was legally entitled. The rule which is recognized and enforced in every jurisdiction in this country is succinctly stated in C. J. vol. 22, p. 523, as follows:

"The competency of the witness, with respect to knowledge, and also with respect to special skill or experience, where this is required, is a preliminary question to be passed upon by the court before the testimony is received, at least, where objection is raised to the competency of the witness."

[5] Bill No. 3 was reserved to the overruling of a motion to strike out the testimony given by Jack Barnett, a state witness. The record shows that the witness was tendered and cross-examined as follows:

"By Mr. Smith: Q. Those bottles that you have presented here contain tincture of Jamaica ginger, double strength? That's true, is it? A. Yes, sir; 90 per cent. alcohol.

"Q. Prepared in accordance with the U. S. P., isn't that true? A. That's what the label says. It must be true.

"Mr. Smith: Defendant now moves to strike out all testimony of this witness relative to tincture of Jamaica ginger for the reason that the testimony is at variance with the indictment; the indictment charging ginger or Jamaica ginger, and the proof showing that the article sold is tincture of Jamaica ginger double strength, U. S. P.

"By the Court: Objection overruled.

"Mr. Smith: To which ruling I except and reserve a bill."

Counsel is in error. The indictment does not charge the sale of ginger or Jamaica ginger. It charges the sale of tincture of ginger, and the testimony is not at variance with the charge. The pertinent part of the indictment follows:

"W. P. McCall, late of the parish aforesaid, in the Fourth judicial district of Louisiana, on or about the 16th day of the month of November, Anno Domini 1925, in the parish and state aforesaid, did then and there, willfully and unlawfully sell intoxicating liquor, to wit, tincture of ginger, an alcoholic liquid containing more than one-half of 1 per centum of alcohol by volume, which is fit for use for intoxicating beverage purposes, for beverage purposes."

[6] The proof offered was responsive to the charge in the indictment, and therefore we can see no merit in this bill. Bill No. 4 was reserved to the overruling of an objection to witness Barnett testifying that he had bought tincture of Jamaica ginger from the defendant on dates prior to the date alleged in the indictment. The district attorney announced that the testimony was offered for the purpose of showing intent.

Evidence of a distinct offense not laid in the indictment may be given to show the intent with which the act charged was done. State v. Patza, 3 La. Ann. 512; State v. Thomas, 30 La. Ann. 600; State v. Anderson, 45 La. Ann. 651, 12 So. 737; State v. Williams, 111 La. 179, 35 So. 505; State v. Farrier, 114 La. 579, 38 So. 460. In State v. Anderson the court said:

"There are exceptions to the rule that no evidence is admissible of distinct offenses committed by the defendant than that charged in the indictment, when it is material to show the intent with which the act charged was done."

In the case of State v. Williams, the rule invoked by defendant was considered, and the court held that:

"Whilst, as a general rule, a distinct crime, unconnected with the one charged in the indictment, cannot be given in evidence, exceptions to that rule arise when it becomes necessary to rebut the possible inference of accident,

162 La.—16

or to prove the intent with which the act charged was committed."

This court has consistently adhered to the rulings in the Anderson and Williams Cases, except where proof is offered of an offense committed on a date subsequent to the commission of the offense charged in the indictment, and these cases dispose of the bill we are now considering.

[7] Bill No. 5 was reserved to the exclusion of certain testimony called for by a series of questions propounded by counsel for defendant to Dr. Irvin J. Wolff. The questions covered a wide range, but all of them related to Jamaica ginger, tincture of ginger, extract of ginger, and to their various uses for medicinal and household purposes. The court ruled that the testimony was irrelevant. In this particular bill, the questions mentioned were propounded near the conclusion of Dr. Wolff's testimony. In this case counsel did not prepare a formal bill of exceptions to any of the court's rulings admitting or excluding testimony. These bills consist of the entire testimony of the witness as given and the objections and rulings as made, in their proper sequence, with relation thereto. Our time is limited, and in disposing of such bills we will not pass upon each objection, as made, but only upon the general issue raised by the several objections. After Dr. Wolff had testified at some length to the common uses of Jamaica ginger, and the laity's belief in the medicinal properties of tincture of ginger, the court interposed and said:

"The district attorney has not made an objection, but the court is going to interpose one, and that is that the various remedies are irrelevant and immaterial. In other words, this man is charged with selling Jamaica ginger for intoxicating beverage purposes. If they cannot prove that on him, he is entitled to an acquittal. It makes no difference how many purposes it may be used for. Jamaica ginger may be sold legitimately, of course. The charge here is that he sold it for intoxicating beverage

purposes, and, if they cannot prove that, he is entitled to an acquittal."

This ruling was excepted to, and, later, the series of questions above referred to were propounded, the testimony sought to be elicited by them was excluded, and this bill was reserved to the ruling. We think the ruling was correct. The court, of its own motion, held the proffered testimony to be irrelevant. With respect to the relevancy and materiality of testimony, we quote the following from C. J. vol. 22, p. 158 et seq.:

"Logic is the controlling force in the modern law of evidence. An offer by a party to prove a fact in evidence involves an assertion by him that such a relation exists, in reason, as a matter of logic, between the fact offered and the fact in issue that the existence of the former renders probable or improbable the existence of the latter, and the relation thus asserted is termed relevancy. It is therefore a basic rule of evidence that whatever facts are logically relevant are legally admissible, while facts which are not logically relevant to the issue are not admissible. * * * The law furnishes no precise and universal test of relevancy; the question must be determined in each case according to the teachings of reason and judicial experience. * * * The practical conditions under which cases are tried do not always permit the court to hear all facts which may be in any degree logically relevant to the issue, but requires that the facts received shall have a somewhat higher degree of probative force, which may be termed 'legal relevancy' or 'materiality.' The rule in this connection is that whenever the court feels that a fact is not of probative value commensurate with the time required for its use as evidence, either because too remote in time, or too uncertain, or too conjectural in its nature, the fact may, in the exercise of a sound discretion, be rejected."

The testimony tendered has no relation whatever to the issue in this case; viz., the guilt or innocence of the accused of the offense charged in the indictment. It is offered as independent testimony and not as corroborative of the testimony given upon any relevant fact. Because a physician administers tincture of ginger as a remedy for gallstone and a layman uses it for colic can have no probative force whatever in deter-

mining the guilt or innocence of a person who is charged with selling tincture of ginger for intoxicating beverage purposes.

Bill No. 6 was reserved to a ruling sustaining an objection to certain testimony offered by defendant. Witness J. B. Lindsey had testified that he frequently visited defendant's store, especially in the evenings. Counsel for defendant then asked the witness the following question:

"Q. Have you heard, at any time during the times you have been in the store, Dr. McCall interrogate persons who came there and asked to buy Jamaica ginger?"

The district attorney objected to the testimony as irrelevant and immaterial, and the court sustained the objection. The witness then testified that he had seen customers enter the store and ask for jake and he had heard Dr. McCall refuse to sell it to them. The district attorney did not object to this testimony, but he asked the court to instruct the witness not to give hearsay evidence. Thereupon the court ruled that the testimony was irrelevant, and this bill was reserved to the ruling.

[8-10] Bill No. 7 was reserved to the court's refusal to charge itself as requested in 16 special charges, and bill No. 8 was reserved to the charge given by the court in lieu of the requested charges. There is nothing in the record to indicate that the court did not charge itself the law applicable to the facts of the case, or that the requested charges, if it be conceded that several of them correctly express the law, were not included in the court's charge. This court cannot assume that the trial judge has erred in the exercise of any of his judicial functions. It is incumbent upon the complainant to show that the maxim, "Omnia præsumuntur rite esse acta; donee probetur in contrarium," does not apply. We have held that it is not error to refuse to give a special charge, if the matter is properly covered in

the general charge, or if it is not shown that the special charge has application to the law or facts of the case. The charge actually delivered by the judge, in lieu of the requested charges, is a brief but clear statement of the universal rule that, before a conviction can be had, the guilt of the accused must be established by proof, beyond a reasonable doubt. An exception to such a charge is without merit.

[11, 12] Bill No. 9 was reserved to the overruling of a motion for a new trial. The grounds alleged in the motion are that the verdict is contrary to the law and the evidence and that the evidence was not sufficient to prove the defendant guilty beyond a reasonable doubt. We have repeatedly held that this court cannot pass upon the sufficiency of the evidence. · In criminal cases, our jurisdiction is limited to a review of questions of law alone. We have also repeatedly held that a motion for a new trial, based solely upon the averment that the verdict is contrary to the law and the evidence, presents nothing for review by this court.

[13, 14] Bill No. 10 was reserved to the overruling of a second motion for a new trial. The motion alleges that Jack Barnett, the prosecuting witness, was a federal enforcement officer when he testified in the case; that since the conviction of defendant the said Barnett has been removed from the federal prohibition department; and, if granted a new trial, defendant believes that he can produce evidence showing that the said Barnett is unworthy of belief. We know of no instance where a new trial has been granted upon a defendant's allegation that, if given an opportunity to do so, he believes he can find evidence tending to impeach the credibility of the prosecuting witness. There must be an end to the trial. New trials are not granted merely to impeach the credibility of a witness. State v. Fahey, 35 La. Ann. 10; State v. Diskin, 35 La. Ann. 48; State v. Young, 34 La. Ann. 346.

Bill No. 11 was reserved to the overruling of a motion in arrest of judgment. The motion in arrest of judgment is based upon the grounds urged in defendant's motion to quash the indictment. We have disposed of these grounds in our consideration of bill No. 1.

[15] The trial judge sentenced the accused to pay a fine of $250 and costs, and an alternative jail sentence in default of payment of the fine and costs. The penalty prescribed by Act 39 of 1921 (Ex. Sess.) for selling intoxicating liquor, for the first offense, is a fine not exceeding $500 and imprisonment not less than 10 days nor more than 60 days. In the return of the trial judge herein, there is an admission that the judge overlooked the requirement of the statute and that the sentence is erroneous. It is therefore decreed that the sentence be avoided, that the case be remanded to the lower court for sentence according to law, and that the writs of mandamus and prohibition applied for be denied.

O'NIELL, C. J., and ST. PAUL, J., concur in the decree.

· (Nov. 2, 1926. Rehearing Denied Nov. 29, 1926.)

George W. Smith, of Rayville, and Thomas C. Newton, of Monroe, for relator.

Percy Saint, Atty. Gen., and David I. Garrett, Dist. Atty., of Monroe, for the State.

