283 So.2d 233 (1973)
STATE of Louisiana, Appellee,
v.
Stanley BOURNE, Jr., Appellant.
No. 53503.
Supreme Court of Louisiana.
September 24, 1973.
*234 Barry F. Viosca, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, Stanley Bourne, Jr., was convicted of possession of barbiturate in violation of LSA-R.S. 40:968 and was sentenced to serve three years at hard labor in the custody of the Louisiana Department of Corrections. Defendant has appealed his conviction and sentence, relying on three bills of exceptions to obtain a reversal.
Bill of Exceptions No. 1
The trial judge correctly disposed of bill of exception No. 1 in his per curiam to that bill which set forth as follows:
Bill of Exceptions No. 1 was reserved after the overruling of defense counsel's objection to Mr. Edgar Dunn's testimony concerning the results of chemical test run by him on the barbiturate to be offered in evidence. Mr. Dunn, criminalist for the New Orleans Police Department, had previously been qualified (out of the jury's presence) as an expert in the field of chemical analysis and identification of controlled dangerous substances. Defense counsel was allowed extensive examination of the witness on the predicate; see transcription of trial, pages 25 through 36. After the predicate was laid, the witness qualified, and the jury returned, the assistant district attorney questioned Mr. Dunn about the tests he had run and the results of said tests. At this point defense counsel objected and requested the right to cross-examine the witness before his stating of conclusions. The objection was overruled and the request denied. Counsel, however, was again allowed extensive cross-examination of the witness on his testimony in chief.
It is the opinion of this Court that the motion to cross-examine the witness at the point requested was improper and out of order. The witness was already qualified as an expert and the right to cross-examination was still available to counsel. Counsel, in fact, did thoroughly examine the witness concerning the tests run and the type of equipment used. This Court knows of no provision of law *235 that would provide for out-of-order cross-examination. It should also be noted that the jury was charged on "expert witnesses".
Defendant in brief cites State v. McCall, 162 La. 471, 110 So. 723 (1926) as authority for his argument that he had a right to cross-examine the state's expert witness on his method of testing prior to the expert's rendition of his opinion. McCall does not stand for that proposition. There, as here, the defense counsel sought to cross-examine the state's expert witness as to the basis of his opinion prior to the conclusion of direct examination. The court there limited the preliminary cross-examination, as did the court here, to the witness's qualifications as an expert.
There is no merit to this bill.
Bill of Exceptions No. 2
Defense counsel objected to the admission into evidence of five capsules allegedly containing barbiturates. He neither briefed this bill nor argued it. It may therefore be considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972). However, since defense counsel has requested our comment and decision we have considered this bill and find it to have no merit.
The bill was reserved when the trial judge ruled the drugs offered by the state admissible into evidence. The defendant objected, arguing that "a proper method of chemical testing had not been used" in analyzing the drugs. The chain of evidence, however, was clearly established. Counsel's objection as to the methodology used in testing these drugs goes to the weight to be accorded them rather than the admissibility of the drugs as evidence. Defense counsel argued this point forcefully to the jury, as was his entitlement. However, no ground for excluding the drugs from evidence was given by the defense.
Bill of Exceptions No. 3
Bill of Exceptions No. 3 was reserved when the defense counel at the close of the State's case moved the trial court to appoint an expert for the defense "to testify to the proper method of testing drugs" and concerning necessary preparatory steps in the proper use of the testing equipment employed by the State's expert. Essentially the basic issue presented by this Bill of Exceptions is whether or not an indigent defendant has a constitutional right to have a chemical expert appointed to aid in his defense, other than in connection with an independent chemical analysis of the drugs which form the basis of the State's prosecution. We understand the defense request here to be the appointment of a chemical expert for assistance in trial preparation, cross-examination, and possible testimony relative to methodology of the State's chemist.
We have, of course, held in State v. Migliore, 261 La. 722, 260 So.2d 682 (1972), that a defendant is entitled to have an independent examination of state narcotic evidence.
Whatever may be this Court's position on the need to furnish an indigent similar independent examination of state evidence (and, of course, this question is not before us here), we are not prepared to say that Constitutional requirements mandate the furnishing of a chemical expert for the purposes stated by the defense here.
We find no abuse of discretion in the action of the trial judge in overruling the defense motion. The Bill lacks merit.
For the reasons assigned the conviction and sentence are affirmed.