## No. 11,221.

### NORMAN J. THOMPSON VS. W. H. RATCLIFF.

### RUMBLE, WENTZEL & CO., INTERVENORS.

1. As against a third possessor, a seizure under a mortgage against the owner taking place during the pendency of a plantation lease for the entire year, payable in kind out of the crops when gathered, only covers the proportion of rents due for the unexpired term after its date.

2. The transferee of a lease made by the owner prior to seizure has all the rights of a third possessor, so far as the rents under the lease are concerned.

3. Other questions decided on grounds of fact.

A PPEAL from the Eighth District Court, Parish of Concordia.
    *Young, J.*

*J. N. Luce,* and *Farrar, Jonas & Kruttschnitt* for Plaintiff and Appellant:

1. The seizure by the mortgage creditor under a mortgage act containing *a pact de non alienando* carries with it the seizure of all the rents and revenues of the mortgage property, due and exigible, subsequent to the seizure; any alienation thereof by the mortgage debtor being without effect against the seizing mortgage creditor with the mortgage act containing the *pact de non alienando.*

2. The assignment of rentals was not accepted, and notice of the assignment was not sufficient. 17 La. 472; 4 An. 358; 17 An. 258; 40 An. 276.

3. The contract for the sale of mules having been made in Mississippi, the question whether the intervenors have the privilege upon the mules sold for the unpaid purchase price thereof is regulated by the laws of Mississippi.

4. Under the laws of Mississippi, the vendor has no privilege or lien as against the seizing creditor. 65 Miss. 171.

*S. L. Elam* and *John Dale contra.*

The opinion of the court was delivered by

FENNER, J. The plaintiff, being a creditor of defendant, secured by mortgage on his Deer Park plantation, obtained a writ of sequestration, under which, on December 8, 1891, he seized the plantation, its rents and revenues, a number of mules, some picked cotton and cotton in the field, and other property on the plantation. Subse-

quently he issued a writ of seizure and sale, under which the property was sold.

At date of seizure the plantation was under lease for the year 1891 to various squads of laborers on the place at a rent for the year of eighty pounds of lint cotton per acre, payable out of the first picking.

Long prior to the seizure defendant had assigned this lease with all his rights, liens and privileges against the tenants to the intervenors, who furnished supplies to the tenants. The evidence satisfies us that this assignment was perfected by notice to the tenants, who recognized intervenors as practically their lessors.

The issues in the case are entirely between the plaintiff and the intervenors. The first question is as to the distribution of the rents. The plaintiff claims that the seizure under a mortgage with the pact *de non alienando* entitles him to take all rents and revenues becoming due and exigible after its date, and that all the rent cotton which had not been gathered and paid over prior to the seizure enured to the benefit of the seizing creditor.

The case on this point can not be distinguished from that of Bank vs. Miller, 44 An. 199, in which we held: " Where a seizure (under a mortgage containing the pact) takes place during the pendency of a plantation lease for the entire year, payable in kind out of the crops when gathered, the seizure only covers the proportion of rents due for the unexpired term after its date."

Plaintiff's counsel seeks to evade the force of this decision by saying that it only applied to the case of a *third possessor;* and that is true. Of course if the rent, due or not due, belonged to the debtor it would be subject to seizure for his debt. But evidently, so far as the rights under this lease are concerned, intervenors are third possessors.

Defendant was the owner of this property and was entitled to its use and to its rents and revenues up to the moment of seizure by his mortgage creditor. He had the same power to transfer these rights as he had to transfer the property itself, and in either case the transferee is entitled to the full benefit thereof up to the date of seizure. The seizure only vests the mortgage creditor with the right to that portion of the rent which is attributable to the part of the year running after the seizure. In the present case the rent, whenever due or collected, was for the whole year of the lease, and as the seizing creditor had no rights thereon except from the date

of his seizure, justice dictates that he should only take the proportion attributable to that unexpired term.

The judge a quo rightly so held.

The next question is as to the ownership of four mules seized on the plantation and claimed by the intervenors.

The evidence on the point is brief and confined to two witnesses, a member of intervenors' firm and the defendant, Ratcliff. We have read it carefully. Their statements substantially agree and there is no opposing testimony. We agree with the district judge that intervenors have fully established ownership of three of these mules. As to the fourth the evidence is not so clear, and the judge a quo forcibly says:

"I am doubtful whether the mule, Roxie, was purchased by intervenors from Hendricks, or whether the mule was sold to Ratcliff by Hendricks and the intervenors advanced the money to pay for same. As the testimony of Rumble and Hendricks would be decisive on this point, and has not been taken, the judgment will be one of non-suit as to this mule."

On the whole we think the judgment appealed from has done justice according to the law and the evidence.

Judgment affirmed.