(76 South. 241)

No. 22585.

STATE v. JOHN.

(June 16, 1917.)

*(Syllabus by the Court.)*

CRIMINAL LAW ⬡⟶629 — NAMES OF WITNESSES.

In a prosecution for selling intoxicating liquor without a license, the defendant is not entitled, as a matter of right, to be informed, in advance of the trial, of the name or identity of the person who is supposed to have bought the intoxicating liquor, or of the name or identity of any witness for the state.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Mike John was convicted of selling intoxicating liquor without a license, and he appeals. Affirmed.

Levy & Crane, of Shreveport, for appellant. A. V. Coco, Atty. Gen., and L. C. Blanchard, Dist. Atty., of Shreveport (Vernon A. Coco, of Marksville, of counsel), for the State.

O'NIELL, J. The defendant, appellant, was convicted of selling intoxicating liquor without a license, was condemned to serve nine months' imprisonment and to pay a fine of $500, and, in default of payment of the fine, to serve an additional term of six months in prison.

He complains of the ruling of the trial judge granting the district attorney a continuance on account of the absence of two witnesses for the state, without requiring the district attorney to make an affidavit or disclose what he intended to prove by the absent witnesses. The witnesses referred to were the sheriff and a deputy sheriff, who were temporarily absent from the parish. Although a denial of a motion for a continuance or postponement of a criminal trial might be a denial of justice to the party asking it, the granting of a continuance is not likely to do injustice to the party opposing it. At any rate it does not appear that the continuance or delay in this instance was disadvantageous to the defendant, or that he was better prepared to defend the case when it was continued than he was when it was tried.

Before pleading to the bill of information, the defendant asked for a bill of particulars disclosing: (1) The name of the person to whom intoxicating liquor was supposed to have been sold; (2) whether that person was a "spotter" or detective; and (3) whether he was a stranger in the parish, and, if not a stranger, how long he had resided in the parish. The district attorney refused to disclose any of that information, and to the judge's refusal to require him to disclose it the defendant's attorney reserved a bill of exception.

It is well settled that the defendant, in a prosecution for selling intoxicating liquor without a license, is not entitled to be informed, in advance of the trial, of the name or identity of the person supposed to have bought the liquor.

On the trial of the case the district attorney produced as a witness for the state a negro who testified that he resided in the state of Mississippi, and had been hired by the prosecution as a "spotter" or detective to catch persons supposed to be selling intoxicating liquor. Thereupon the defendant's counsel stated that he was taken by surprise, and filed a motion asking for a continuance of the trial to allow him a reasonable time to investigate the character or reputation of the witness for truth and veracity. The continuance was denied, and the defendant's attorney reserved another bill of exception, in which it is recited that the hired negro "spotter" from Mississippi was the only witness who testified directly to a sale of liquor by the defendant, from which we assume that the sleuth is the man supposed to have bought the intoxicating liquor.

The learned counsel for the defendant cites

and relies upon the decision in State v. Mines, 137 La. 489, 68 South. 837, where, as in this case, the district attorney refused to divulge the name or identity of the party who was supposed to have bought intoxicating liquor from the defendant, and the judge refused to grant the defendant a continuance to allow him an opportunity to impeach the witnesses when two hired "spotters" were produced and testified that one of them was the purchaser. In that case this court condemned the method that is complained of in this case and set aside the judgment of conviction. It was observed, however, in the decision that, as a general rule, the district attorney is not required to inform the defendant, in a prosecution for selling intoxicating liquor without a license, of the name or identity of the supposed purchaser, or of any of the witnesses who are to testify for the state. Hence the court disclaimed any intention of holding that in every case the right of a defendant to attack the character of the state witnesses is to be held paramount to all other considerations. And the ruling then made was expressly confined to the facts of that case. There were two important facts recited in the bill of exceptions in that case that are not shown affirmatively in this case. One is that the detectives who testified in the case cited were paid only in the event of a conviction. The other fact is that the only evidence introduced against the defendant in the case cited was the testimony of the detectives. In the present case it is not shown affirmatively that the pay of the hired and imported negro "spotter" was contingent upon his success in procuring the conviction of the suspects whom he "turned up." Nor is it shown positively that the testimony of this hired and imported negro "spotter" was the only evidence against the defendant. The only recital in the bill of exceptions in that respect is that he "was the sole witness testifying directly to a sale of liquor on defend-

ant's part." Nothing is said as to whether there was sufficient circumstantial evidence to prove the guilt of the defendant beyond a reasonable doubt; and we assume there was such evidence. We are strengthened in the belief that the defendant was not convicted merely on the testimony of the hired negro "spotter" by the fact that the district attorney himself regarded that witness as being so unworthy of confidence that even he was afraid to trust him or risk his being tampered with; and that is why the prosecuting officer would not divulge the name or identity of the witness until he was called to the witness stand. We refer to this remark in the district attorney's brief:

"The reason for withholding the name of the purchaser of intoxicating liquors is to prevent the defendant from tampering with the witness. These witnesses are of such a class as are easily influenced, and are themselves participants in the crimes about which they are called upon to testify, and it is good policy to remove them, as much as possible, from those evil influences."

Whether it would not be equally good policy not to offer in evidence at all against the defendant in a criminal prosecution the testimony of a "spotter" who was hired to procure evidence against the accused—a witness whom the prosecuting officer himself is afraid or unwilling to trust—is a question which we are not called upon to decide. The objection to such evidence is to its lack of value or effect; and that is a matter for the trial judge to consider.

The contention of the learned counsel for the defendant that he should have been given an opportunity to prove to the satisfaction of the trial judge that the testimony of this witness was not worthy of belief appears to us as a travesty on the impeachment of the credibility of a witness.

In the absence of a showing to the contrary, we must assume that there was sufficient circumstantial evidence before the trial judge to warrant this conviction, without any regard for the testimony of the negro "spotter,"

who testified for pay, and whose identity the prosecuting attorney would not divulge for fear of his being influenced or ·tampered with. To assume that the defendant was convicted on the testimony of that witness alone would be to assume that the zealous public officials who are the guardians of justice committed an outrage upon her.

The defendant was not entitled, as a matter ·of right, to be informed, before the trial, of the names or identity of the witnesses to be called by the state.

The judgment appealed from is affirmed.