O’NIELL, C. J.
 

 Appellant was convicted of the offense of selling intoxicating liquor for beverage purposes. The accusation was that the defendant, being the proprietor of a drug store, had sold, for beverage purposes, in his drug store, two bottles of Jamaica ginger, a liquid or compound containing more than one-half of 1 per cent, of alcohol by volume, and fit for use as a beverage and for intoxicating beverage purposes. The ease is very much like that of the State v. Edward J. Scallan (No. 27394) 106 So. 731,
 
 [1]
 
 decided to-day. very question that was decided in that case is also presented here. For the reasons given in that case, we find no error in the rulings complained of.
 

 There is one complaint in this case, however, that did not arise in Scallan’s Case. When the district attorney had finished offering the state’s evidence in this case, the defendant’s counsel insisted that the state had not offered any evidence to prove that Jamaica ginger was fit for use as a beverage, or that the Jamaica ginger in this instance was intended to be used as a beverage; the proof being that it was bought by agents of the sheriff for the purpose of this prosecution. The attorney for the defendant therefore moved that the court render a verdict of not guilty, which motion was overruled, and to which ruling. the defendant’s attorney reserved a bill of exception. The judge says, in his statement per curiam, that the state did prove that the Jamaica ginger was fit for use as a beverage and was sold by the defendant for beverage purposes. When the judge ove^rruled the defendant’s motion for a verdict of not guilty, the attorney announced that he would produce expert witnesses to prove that Jamaica ginger was not fit for use as a beverage, and he requested that the testimony be taken down by the court stenographer, to be attached to the bill of exceptions. As soon as the stenographer began taking down the testimony, she was called to another division of the court, to take testimony in a civil case; and the defendant in this case was denied the privilege of having the testimony of his expert witnesses reduced to writing. Ordinarily, when an objection- and a ruling is made, and a bill of .exception is reserved, in the trial of a criminal case, the defendant has the right to have the testimony relating to the objection, and on which the ruling is based, reduced to writing, to be considered by this court. That is ho-w the Act 113 of 1896 has been construed. But the testimony-which the defendant’s attorney desired to have the stenographer take down in this case was on a question of fact on which depended the question of guilt or innocence, and over which this court has not jurisdiction. The question was whether the intoxicating liquor was fit for use as a beverage. If the expert testimony on that subject had been taken down by the stenographer, it could not have availed the defendant in this court.
 

 The conviction and sentence are affirmed.
 

 [1]
 

 Ante, p. 162.