O’NIELL, C. J.
 

 Appellant was convicted of the offense of selling intoxicating liquor for beverage purposes. The indictment, as amplified by a bill of particulars, was that the defendant, being the proprietor of a drug store, did sell in his drug store, fox-beverage purposes, four bottles of Jamaica ginger, a liquid or compound containing more than one-half of one per cent, (in fact about 90 per cent.) of alcohol by volume, and fit for use as a beverage and for intoxicating beverage purposes.
 

 There are five bills of exception in the record. The first bill was reserved to the overruling of a motion to quash the indictment, on the ground that the statute on which it was founded, being Act 39 of 1921, as amended by Act 57 of 1924, was unconstitutional.
 

 The act of 1924 amends only the eighth section of the act of 1921, declaring what
 
 *165
 
 kind of liquors or liquids are included in the term “liquor” or the phrase “intoxicating liquor,” wherever it is used in the statute. The plea that the act is unconstitutional refers only to that class of intoxicating liquors which are described in the amending act as:
 

 “All alcoholic liquids either medicated, proprietary or patented, containing one-half of one per centum or more of alcohol by volume, which are fit for use as a beverage or for intoxicating beverage purposes.”
 

 That class of intoxicating liquors was described originally, in the eighth section of the act of 1921, as:
 

 “All alcoholic liquids, either medicated, proprietary or patented, which are fit for use as a beverage or for intoxicating beverage purposes, all as defined by federal legislation.”
 

 The change that was made by the amendment, in the definition of that kind of intoxicating liquors, was merely to substitute for the qualifying phrase, “all as defined by federal legislation,” the phrase, “containing one-half of one per centum or more of alcohol by volume.” It is. argued by the learned counsel for appellant that this amendment gives the statute a broader scope than its title indicates, because it outlaws all medicated, proprietary or patented liquids containing one-half of one per cent, or more of alcohol by volume and fit for use as a beverage or for intoxicating beverage purposes, whether they be or be not so “defined by federal legislation.” If federal legislation forbids—as we believe it does forbid—the sale for beverage purposes, of any or all medicated, proprietary or patented liquids containing one-half of one per cent, or more of alcohol by volume and fit for use as a beverage or for intoxicating beverage purposes, the eighth section of the statute is not broader in its scope now than it was originally, when it used the phrase “as defined by federal legislation,” instead of stating the minimum alcoholic content of these outlawed liquids.
 

 It is contended also that the title of the amending act should indicate the change that is made in the provisions of the act. The title of the amending act merely declares that it is “An act to amend and re-enact section 8 of Act No. 89 of 1921, entitled, ‘An act to prohibit the manufacture,’ ” etc. (reproducing verbatim the title of the original act). It is conceded that this title of the amending act would be sufficient if the title of the original act would- be an appropriate title for the act as amended. The title of the original act is as appropriate for the amended act as it was for the original act. The title of the act did not originally and does not now refer to the phrase “as defined by federal legislation” or refer to the minimum alcoholic content of the outlawed liquids, whether medicated, proprietary or patented. Therefore the substitution of the phrase “containing one-half of one per cent, or m'ore of alcohol by volume,” for the phrase “as defined by federal legislation,” did not make the title of the act less indicative of its object than it was originally.
 

 The second bill of exceptions was reserved to the overruling of an objection of the defendant’s counsel to the testimony of two witnesses' who testified that they were the persons to whom the defendant sold the tincture of ginger. The objection was that it was against public policy and good morals for a person to induce another to commit a crime for the purpose of prosecuting him. The two witnesses complained of served as stool pigeons for the, sheriff, but the record does not bear out that they pretended to buy the tincture of ginger for medicinal purposes, or that they practiced any other deception upon the defendant. As a general
 
 *167
 
 rule, the .objection to bearing .the testimony of stool pigeons, on account of the character of such evidence, goes to the effect or reliability of the evidence, not to its admissibility.
 

 The fourth bill of exception was reserved to the court’s allowing witnesses fo testify, from their experience and observations, that tincture of ginger, such as the defendant was accused of selling, was fit for use for intoxicating beverage purposes. The objection urged was that only experts, such as physicians, pharmacists and chemists, were competent to testify whether tincture of ginger, such as the defendant was accused of selling, was fit for use as an [intoxicating beverage. We agree with the district judge that those who know best whether any particular kind of liquor is fit for intoxicating beverage purposes are those who drink it.
 

 The fourth bill of exception was reserved to the court’s allowing the four bottles of tincture of ginger to be introduced in evidence, without proof that the liquid in the bottles was intoxicating and was fit for use as a beverage or for intoxicating beverage purposes. The objection was really aimed at the sufficiency of the evidence; for, if it had not been proven that the liquid in the bottles was intoxicating and was fit for use as a beverage or for intoxicating beverage purposes, the introduction of the bottles in evidence would have done no harm. Having identified the four bottles of ginger as those which the defendant had sold, the district attorney had the right to offer them in evidence.' As a rule he controls the order and method of offering his proof.
 

 The fifth bill of exception was taken to the overruling of a motion for a new trial, contending that the conviction was contrary to the law and the evidence. The bill does not present any question of law for decision, except to repeat the propositions which we have already disposed of.
 

 The conviction and sentence are affirmed.