THOMPSON, J.
 

 The defendant appeals from a conviction and sentence for selling “moonshine” whisky for beverage purposes.
 

 No oral argument was made, and no brief has been filed in this court on behalf of defendant.
 

 We have examined the record and find two bills of exception—one to the overruling of a mere formal motion for a new trial which presents nothing upon which this court
 
 *903
 
 can act, and the other to a failure of the court to arrest the judgment.
 

 The motion in arrest seems to find fault with section 8 of Act 39 of 1921 (Ex. Sess.) for two reasons: (1) That the body of the act undertakes to define “liquor” and the phrase “intoxicating liquor” and to. define’ “person” and “vehicle,” without indicating any such intention in the title of the act; and (2) that said section attempts to adopt a part of the system of laws of the United States by reference thereto.
 

 The motion also assails the constitutionality of Act 57 of 1924, on the ground first stated above for the attack on the act of 1921.
 

 The matter urged in the first part of the motion was disposed of in State v. Coco, 92 So. 883, 152 La. 241, wherein we held that the title of the act was sufficient indication of the object and purpose of the act to authorize the inclusion in the body of the act of the well-known intoxicants therein enumerated. And we further held that one prosecuted for possessing whisky (the charge here is for selling whisky) cannot question the validity of provisions of the law having no application or relevancy to whisky. See, also, State v. Copola, 102 So. 82, 157 La. 98, and cases therein cited.
 

 The same reasoning applies .to the attack upon Act 57 of 1924.
 

 Whatever objection that might have been urged against the act of 1921, as referring to federal legislation for a definition of intoxicating liquors other than those specially designated by name, was cured by the act of 1924.
 

 We are unable to conceive wherein the defendant has any interest in the fact, if it was a fact, that the definition in the body of the act of the words “person” and “vehicle” was not indicated in the title. The defendant is a “natural” person, as referred to in the statute, and he is not charged with transporting whisky by the means of a vehicle.
 

 The conviction and sentence are affirmed.