(110 So. 556)

No. 28046.

## STATE v. LEGGETT.

(Nov. 2, 1926. Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⟨⟩1134(4)—Motion for new trial, attacking validity of statute, basis of prosecution, is reviewable.**

While motion for new trial, merely alleging verdict to be contrary to law and evidence, presents nothing for review, if motion is made in connection with attack upon statute under which prosecution is had, it is reviewable.

2. **Intoxicating liquors ⟨⟩17—Act including certain beverages, within statute prohibiting manufacture, sale, or possession of intoxicating liquors for beverage purposes, held valid (Act No. 39 of 1921 [Ex. Sess.], § 8, amended by Act No. 57 of 1924).**

Act No. 57 of 1924, amending Act No. 39 of 1921 [Ex. Sess.], § 8, and including certain beverages within the prohibitions of former act forbidding manufacture, sale, possession, exportation, importation, etc., of intoxicating liquors, *held* constitutional and valid.

Appeal from Second Judicial District Court, Parish of Claiborne; John S. Richardson, Judge.

V. L. Leggett was convicted of possessing intoxicating liquor for sale for beverage purposes, and he appeals. Affirmed.

Drew & Drew, of Minden, for appellant.

Percy Saint, Atty. Gen., and W. D. Goff, Dist. Atty., of Arcadia (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

BRUNOT, J. This is an appeal from a conviction and sentence for possessing intoxicating liquor for sale for beverage purposes, one of the offenses denounced by Act 39 of 1921.

There are two bills of exception in the record.

162 LA.—12

The first bill was reserved to the overruling of a motion for a new trial, and the second to the overruling of a motion in arrest of judgment.

The new trial was applied for upon two grounds; viz., that the verdict is contrary to the law and the evidence, and that Act 39 of 1921, as amended by Act 57 of 1924, is unconstitutional. The motion in arrest of judgment is also predicated upon the alleged unconstitutionality of the two acts mentioned, and, as both motions present the same question, it is not necessary to consider them separately

[1] We have so often held that a motion for a new trial, which merely alleges that the verdict is contrary to the law and the evidence, presents nothing for review, that it is not necessary to repeat that ruling. If, however, the motion is made in connection with a successful attack upon the act under which a prosecution is had, the situation would be different, for, in that event, a verdict of guilty would be contrary to the law.

[2] The constitutionality of Act 57 of 1924, amending section 8 of Act 39 of 1921, has been passed upon by this court in several cases. The recent expressions of the court are found in the cases of State v. Scallan, 160 La. 162, 106 So. 731, and State v. Eddins, 160 La. 902, 107 So. 616. The issues presented in the Scallan Case are identical with those presented here, the only difference in the cases being that in one the accused was charged with selling tincture of ginger for beverage purposes, while in the other the accused is charged with possessing tincture of ginger for sale for beverage purposes. In the cases cited, Act 57 of 1924, amending section 8 of Act 39 of 1921, was held to be a valid enactment.

For these reasons, the judgment and sentence appealed from are affirmed.