ROGERS, J.
 

 Defendant was tried and convicted on an affidvit charging him with the unlawful possession of intoxicating liquor for sale for beverage purposes. He was fined $400 and sentenced to serve 60 days in the parish jail, and to pay the cost of the prosecution, and, in default of payment of the fine and costs, to imprisonment in the parish jail for 4 months additional, subject to work on the public roads.
 

 Before pleading to the affidavit, defendant, who conducts a drug store in the city of Alexandria, moved for a bill of particulars to set forth whether “he is charged with possession for sale of Jamaica ginger, pear extract, antiseptic, vanilla, or plain flavoring extract for intoxicating beverage purposes.” The state, through the district attorney, answered the motion and averred:
 

 “That the kind of intoxicating liquor was an alcoholic liquid or compound, labeled as ‘Cake Flavoring,’ containing 50 per cent, of alcohol by volume; it being highly intoxicating, and used and fit for use as an intoxicating beverage, and used for intoxicating purposes.”
 

 Upon the filing of this answer, the defendant moved to quash the affidavit, as supplemented by the bill of particulars. The motion was overruled, defendant was then tried, convicted, and sentenced, and this appeal followed.
 

 In his motion to quash, defendant alleges that the affidavit, together with the bill of particulars, does not set forth an offense known to the law. He pleads that Act 57 of 1924 is unconstitutional because it attempts to incorporate into Act 39, Ex. Sess. of 1921, by way of amendment, a distinct and different subject-matter without mention thereof being made in its title. In the event that Act 57 of 1924 be held unconstitutional, he pleads the unconstitutionality of section 8 of Act 39 of 1921, so far as it applies to all liquids or compounds attempted to be defined by referencé to federal legislation as being violative of article 3, § 18, of the state Constitution.
 

 In the affidavit and bill of particulars it was charged that the alcoholic liquid or compound “labeled cake flavoring,” which the defendant possessed for sale for beverage purposes, contained 50 per cent, alcohol by volume, and was used and fit for use as an intoxicating beverage, and used for intoxicating purposes. This was sufficient to charge a violation of the law. Section 8 of Act 39 of 1921, as amended by Act 57 of 1924, specifically declares that the word “liquor,” or the phrase “intoxicating liquors,” wherever used in the statute shall be construed to include “ * * * all alcoholic liquids, either medicated, proprietary or patented, containing one-half of one per centum or more of alcohol by volume, which are fit' for use as a beverage or for intoxicating beverage purposes.”
 

 The ground of defendant’s attack on the constitutionality of Act 57 of 1924 has
 
 *941
 
 been heretofore considered by this court and disposed of adversely to his contention. State v. Whitlock,
 
 159 La.
 
 890, 106 So. 369; State v. Scallan, 160 La. 162, 106 So. 731; State v. Eddins, 160 La. 902, 107 So. 616.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.