BRUNOT, J.
 

 Appellant was charged, tried, convicted, and sentenced for the offense of unlawfully selling intoxicating liquor for beverage purposes. From the verdict and sentence he appealed, but he has not followed up the appeal by argument, brief, or assignment of error.
 

 There is one bill of exception in the record. It grew out of the following incident. While Leroy Waller, the prosecuting witness, was testifying in chief, counsel for the accused requested the court to instruct the witness that he might, under his constitutional privilege, decline to testify if the testimony he was about to give would tend to incriminate him. The court declined to instruct the witness as requested, and this bill was reserved to that ruling. The court and counsel for the accused differ materially in their statement of the facts, but counsel did not avail himself of the provisions of Act No. 113 of 1896, as that act has been interpreted by this court,- and therefore the judge’s statement of facts must prevail. State v. Dugger, 160 La. 168, 106 So. 733; State v. Dunn, 161 La. 565, 109 So. 56.
 

 We quote from the court’s per curiam the following:
 

 “The witness, Leroy Waller, did not make any request of the court regarding testimony to be given by him, but, to the contrary, in answer to questions propounded by the court, stated that he had been instructed as to his constitutional rights in the city court (when the same case was being tried under a city charge), and that after having been fully advised by the city judge as to his rights he voluntarily testified in the case; that the next day, a week prior to the trial of defendant in this court, that he had been indicted by both the city and state for the possession of intoxicating liquor and had pleaded guilty to both charges and had satisfied his sentence. 1-Ie further testified that his testimony in this case was free and voluntary and not,caused from fear or threats by any one. * * * ”
 

 From the court’s statement of the facts, it is clear that the witness was not
 
 compelled
 
 to give evidence against himself in a proceeding that might subject him to a criminal prosecution, but, with full knowledge of every right he may have asserted under the provisions of article 1, § 11 of the Constitution of 1921, he waived those rights and voluntarily testified in the ease. The defendant's complaint is, therefore, groundless and this bill is without merit.
 

 The verdict and sentence are affirmed.