A trial was had in open court, and due proof was made of the facts as herein recited.

Embezzlement is made a felony by the statutes of this state, and the conviction of the defendant had become final, prior to·the filing of this proceeding.

For the foregoing reasons, the license of the defendant, George T. Edwards, to practice law, heretofore granted by this court, is hereby revoked and ordered canceled, and his name is ordered stricken from the roll of attorneys of this state.

(119 So. 869)

No. 29602.

**STATE v. BYRD.**

Jan. 2, 1929.

Dimick & Hamilton and George G. Dimick, all of Shreveport, for appellant.

Percy Saint, Atty. Gen., L. C. Blanchard, Dist. Atty., and Aubrey M. Pyburn, Asst. Dist. Atty., both of Shreveport (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ST. PAUL, J. The defendant was convicted of selling intoxicating liquor for beverage purposes, to wit, whisky.

He complains that he was convicted on the uncorroborated testimony of a "spotter," and calls our attention to State v. Mines, 137 La. 489, 68 So. 837, and State v. John, 142

La. 65, 76 So. 241, 5 A. L. R. 407. But those two cases hold no more than that the fact that a witness may be a spotter, or stool pigeon, or informer, affects his credibility only, and not his competency. See, also, State v. Scallan, 160 La. 162, 106 So. 731. And we know of no rule of law which requires the evidence of such persons to be corroborated; but, if there were, the trial judge says there was abundant corroboration in this case.

██ He next complains of the trial judge having allowed the district attorney to cross-examine the accused, when testifying in his own behalf, upon a matter irrelevant to the case. His contention is thus disposed of by the district judge:

"The court sustained an objection by defendant's counsel to a question on cross-examination about a search of premises formerly occupied by defendant, for intoxicating liquors. Despite the sustaining of the objection, the defendant went on to answer and explain about the former search. He was admonished by his counsel and told not to answer but insisted that he wanted to tell all about it, and did so at length. After the voluntary testifying the court overruled an objection by defendant's counsel to cross-examination by the state on matters testified to voluntarily and insistently by defendant. The right to cross-examine under above circumstances is too clear to need citations.

"Moreover, as the testimony was that no liquor had been found on the prior search, no injury was done defendant even if the cross-examination should have been excluded."

██ Defendant also complains in arrest of judgment, that he was tried according to the provisions of the new Code of Criminal Procedure, not yet in force at the time of his trial. But he fails to point out, and we fail to see, wherein the method of procedure followed in this case was in any way different from the method of procedure prevailing prior to the adoption of said Code.

Decree.

The judgment appealed from is therefore affirmed.