O’NIELL, C. J.
 

 This is a suit to collect a license tax for the years 1928, 1929, and 1930, under the provisions of Act 127 of 1S9S, p. 192, which levied license taxes upon certain foreign corporations, including telegraph companies and telephone companies, doing business in this state. The defendant, telephone and telegraph company, is a foreign corporation doing business in this state. The company paid an annual license tax for each of the years 1928, 1929 and 1930, under the provisions of section 15 of Act 205 of 1924, p. 359, as amended by Act 285 of 1928, p. 550. The license tax which was paid’ for those years, however, would have been much greater if based upon the provisions of Act 127 of 1898.
 

 The civil district court gave judgment for the defendant, rejecting the state’s demand. The tax collector has appealed from the decision.
 

 In the case of State v. American Railway Express Co., 159 La. 1001, 106 So. 544, it was decided that Act 127 of 1898, which levied a higher license tax upon foreign corporations doing business in this state than the license tax levied upon domestic corporations engaged in the same kind of business, was superseded by section 23 of Act 267 of 1914 (amended by Act 120 of 1920), declaring that foreign corporations, upon complying with the requirements of the law for obtaining authority to do business in' this state, should be entitled to a certificate from the secretary of state, authorizing them to exercise the same powers, rights and privileges as are accorded to similar corporations organized under the laws of this state and domiciled in the state.
 

 It is conceded by counsel for the appellant that the judgment appealed from must be affirmed if we adhere to the decision rendered in the case of State v. American Railway Express Co.; but it is contended that the decision in that case was the result of an oversight, and was wrong, and should be overruled.
 

 Every argument that is made on behalf of the tax collector in this case was made in the case of State v. American Railway Express Co., except the contention now made that, in that case, the court overlooked the fact that, in section 15 of Act 205 of 1924, which was enacted while the case of the American Railway Express Company was
 
 *1091
 
 pending in this court, the Legislature, in levying the license tax “for each telegraph, telephone or express business,” said, “other than those subject to license under the foreign license Act or special laws.” The American Railway Express Company had paid its license tax according to the provisions of section 13 of Act 233 of 1920, p. 420, which section was the predecessor of section 15 of Act 205 of 1924. Section 13 of Act 233 of 1920 did not contain the exception, which was first made in section 15 of Act 205 of 1924 and was repeated in Act 285 of 1928, viz., “other than those subject to license under the foreign license Act o^r special 'laws.” Hence it is argued that the Legislature, in the session of 1924, must have had in mind that there might yet be a telegraph or telephone or express company doing business in this state “subject to license under the foreign license Act,” meaning Act 127 of 1898. That may have been the opinion of the Legislature, in the session of 1924; but, if so, it would have very little if any bearing upon the question as to whether the Legislature in session in 1914 intended that section 23 of Act 267 of that session should supersede Act 127 of 1898, called “the foreign license act.”
 

 It is not at all certain, however, that the Legislature, in 1924, intended, by the expression, in section 15 of Act 205 of that year, “other than those subject to license under the foreign license Act,” to say that foreign corporations engaged in the telegraph, telephone or express business in this state should be subject to the license taxes levied by Act 127 of 1898, notwithstanding the Legislature in 1914 had declared, in section 23 of Act 267 of that year, that all foreign corporations that complied with the requirements of that act should have the same rights and privileges as if they were domestic corporations. It is possible that the Legislature in 1924 thought that a foreign corporation might be subject to the license tax imposed by Act 127 of 1898, in case of a failure to comply with the requirements of Act 267 of 1914. If the Legislature in 1924 intended, in section 15 of 205 of 1924, which was enacted while the case of the American Railway Express Company was pending in this court, to' say that the Legislature in 1914 did not intend that section 23 of Act 267 of that year should supersede Act 127, of 1898, it should have been said in language plainer than the expression “other than those subject to license under the foreign license Act.” It must be borne in mind, too, that that same language was used in Act 285 of 1928, amending and re-enacting section 15 of Act 205 of 1924, after this court had decided the case of the American Railway Express Company.
 

 In the petition of the tax collector in this case he pleaded that section 23 of Act 267 of 1914 would be unconstitutional if construed so as to supersede Act 127 of 1898; that is to say that, in that respect, the act of 1914 would have been violative of article 31 of the Constitution of 1913 and section 16 of article 3 of the Constitution of 1921, requiring that a law should have only one object, and have a title indicative of its object. The one main object or purpose of Act 267 of 1914 was to provide for the organization and regulation of corporations. The title is very long, and indicates, perhaps in unnecessary detail, each and every incidental or specific provision of the act. Among these details, in the title of the act, is “To provide for the admission into the State of corporations formed in other States of the Union and elsewhere, and the liabilities, duties and obligations of such corporations when admitted into the State.” Our opinion is that that was a sufficient indication of the intention to prescribe the conditions on which a foreign cor
 
 *1093
 
 poration might do business in this state, and be subject to the same liabilities — which is the same as to have the same rights and privileges — as if they were domestic corporations.
 

 The judgment is affirmed.