(135 So. 365)

## McINTYRE v. SOVEREIGN CAMP W. O. W. (Magnolia Camp No. 58).

### No. 31081.

May 25, 1931.

Andrew B. Booth, Jr., of New Orleans, for applicant.

Stanley McDermott and Morris B. Redmann, both of New Orleans, opposed.

BRUNOT, J.

The defendant is a 'fraternal beneficiary society, organized under the laws of the state of Nebraska, and doing business in this state under the provisions of Act No. 256 of 1912, as amended by Act No. 287 of 1914.

The suit is on an insurance policy covering the life of the plaintiff's deceased husband, who was a member, in good standing at the time of his death, of Magnolia Camp No. 58, a local subordinate camp of the Sovereign Camp Woodmen of the World. Both the Sovereign Camp and the local camp excepted to the citation, the Sovereign Camp upon the ground that it was a foreign corporation and the citation required it to answer the suit or file its defense thereto in less than thirty days; and, Magnolia Camp No. 58, upon the ground that it was a subordinate camp and without authority to accept service of the petition and citation.

The district judge maintained both exceptions and dismissed the suit. The plaintiff acquiesced in the judgment maintaining the exception filed by Magnolia Camp No. 58, but appealed from the judgment maintaining the exception filed by the Sovereign Camp.

The Court of Appeal, 131 So. 626, held that the concluding proviso of section 17 of Act No. 256 of 1912, upon which the exception filed by the Sovereign Camp was based, was unconstitutional and, for that reason, it reversed the judgment maintaining the exception and remanded the case for trial. On the relation of the Sovereign Camp, a writ of review issued and the matter is now before us for consideration upon relator's application, the original record and the briefs of counsel.

The proviso of section 17 of Act No. 256 of 1912 is as follows: "Provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society. When legal process against any such society is served upon said Secretary of State he shall forthwith forward by registered mail one of the duplicate copies prepaid and directed to its secretary or corresponding officer. Legal process shall not be served upon any such society except in the manner provided therein."

■ It is contended, and the judgment of the Court of Appeal is based upon the ground, that the quoted proviso of section 17 of Act No. 256 of 1912 is violative of section 16 of article 3 of the Constitution of 1921 in that it purports to change the procedural law of the state without a declaration of such intention in the title of the act.

■ The plaintiff also contends that the act embraces more than one object. Provisions for service and citation upon fraternal socie-

ties, and the delay in which they are allowed to plead or answer, are clearly incidental to the object expressed in the title of the act. We therefore pass, without further comment, the contention that the act embraces more than one object.

The title of Act No. 256 of 1912, and sections 21 and 23 of that act were amended by Act No. 287 of 1914. The title as amended now reads as follows: "An Act to amend and re-enact the title of Act No. 256 of 1912, entitled 'An Act to amend and re-enact Act No. 115 of 1906, entitled "An Act to provide for the organization, admission and regulation of associations transacting the business of life, accident, sick benefit or physical disability insurance on the fraternal plan, and to fix penalties for the violation of this Act, and to repeal all laws in conflict with the provisions of this Act"'; to define fraternal benefit societies and the lodge system thereof; to provide for a representative form of government of fraternal benefit associations, and to define same; to exempt fraternal benefit societies organized under the lodge system from all provisions of the insurance laws of this State; to provide for the payment of death benefits and disability benefits, and to govern the manner of providing for the same; to provide for the payment of death benefits to certain beneficiaries, and to qualify and designate said beneficiaries; to provide for the qualifications for membership in fraternal benefit societies; to provide for benefit certificates of said societies, and to specify the amount provided thereby; to provide for the creation, maintenance and disbursement of the funds of fraternal benefit societies; to provide for the form of investment of the funds of fraternal benefit societies; to provide for the distribution of funds of fraternal benefit societies; to provide for the manner and mode of organization of fraternal benefit societies; to provide for the reorganization and amendment of fraternal benefit societies already transacting business in this State; to provide the mergers and transfers of fraternal benefit societies, and the manner of making the same; to provide for the annual license of fraternal benefit societies, and for the annual renewal of certificates of authority of said fraternal benefit societies; to provide for the admission of foreign fraternal benefit societies; to provide for the appointment of the Secretary of State as agent and attorney for the service of legal process; to provide for the place of meeting and the location of office of fraternal benefit societies; to provide what limitation the constitution and laws of a fraternal benefit society may place upon its subordinate officers or members; to waive the provisions of the laws and constitution of the society; to provide that no money or other benefit, charity or relief or aid to be paid, provided or rendered by any fraternal benefit society shall be liable to attachment, garnishment or other legal process, or be seized, taken, appropriated or applied by any legal or equitable process or operation of the law and to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment; to provide for the annual reports of fraternal benefit societies to be filed with the Secretary of State, and to fix the form of said report and the duty of filing the same, and furnishing the information to the Secretary of State concerning fraternal benefit societies, and providing for the valuation of the benefit certificates thereof; to provide for a report to the Secretary of State of a valuation of the certificates of fraternal benefit societies; to provide for the examination of domestic societies; to provide for the publication of reports of fraternal benefit societies; to provide for the examination of foreign fraternal

benefit societies; to provide for the publicity to be given to investigation by the Secretary of State; to provide for the revocation of license to fraternal benefit societies; to provide for the exemption of certain benefit societies from the operation of this Act; to provide for exemption from all and every State, parochial, county, district, municipal and school district, other than real estate and office equipment; to provide for penalty for the violation of the provisions of this Act, and to declare what violations shall be deemed a misdemeanor, and to fix the penalty thereunder; to declare what constitutes perjury under this Act, and to provide a penalty for soliciting for unauthorized fraternal benefit societies, and to provide for the repeal of all laws or parts of laws in conflict with the provisions of this Act."

A reading of the title leaves no doubt in our minds that the Legislature intended to make the title all comprehensive, and this conclusion is fortified by the fact that Act No. 287 of 1914 was passed at the first session of the General Assembly held after the decision was rendered in the case of Lavedan v. Thompson, 133 La. 882, 63 So. 389. It is evident that the General Assembly intended to meet the situation created by that decision and to provide against the possibility of future successful attacks upon the act.

▇ It is a well-recognized principle of law that statutes relating to remedies and procedure are to be liberally construed, with a view to the effective administration of justice. Another principle of law, equally well recognized, is that of two interpretations of a statute, that is to be preferred which saves the law and gives it effect.

The purpose of the act, as expressed in its title, is to provide for the organization, admission and regulation of associations transacting the business of life, accident, sick bene-fit or physical disability insurance on the fraternal plan—a type of insurance pertaining only to fraternal benefit societies. Act No. 115 of 1906, Act No. 256 of 1912 and Act No. 287 of 1914 confer upon such fraternal benefit societies the same rights and privileges with reference to the procedure necessary to lawfully bring them into court. Thus, as relates to the service and citation upon them, and the delay allowed in which they are to plead and answer, the Legislature has unequivocally expressed its intention three times during a period of eight years.

It has been held that the conferring of rights and privileges upon a corporation is incidental and germane to its incorporation, and to incorporate a company is to create it. In St. Anna's Asylum v. Parker, 109 La. page 600, 33 So. 613, 616, the court in its comment upon the case of Crescent City Gaslight Co. v. New Orleans Gaslight Co., 27 La. Ann. 138, said: "The object of the act, as stated in the title, was 'to incorporate the Crescent City Gas Light Company.' To incorporate a company is to create it with certain powers and privileges. Those powers and privileges need not be detailed, for, if they were, the title would be as long as the act."

In White Oil Corporation v. Flanagan, 153 La. 837, 96 So. 675, we quote from the syllabus the following: "Title of act need not mention means, method, or instrument by which it is intended to accomplish general purpose, and need not be an index to provisions of the Act, but is sufficient if it goes into the subject so as to place all persons in interest upon reasonable notice to make inquiry into the statute itself."

The case of State v. Norris, 161 La. 988, 109 So. 787, is to the same effect.

The words found in the title quoted supra, as well as in the titles of the two preceding

acts upon the same subject-matter, are organization, admission and regulation. The organization of a company, like the incorporation of a company, is to create it with certain powers and privileges which need not be detailed in the title of the act under which it is organized, and unqualified regulation thereof, is a comprehensive term, embracing all of its powers, duties, and privileges.

Having reached the conclusion that the title of Act No. 256 of 1912, as amended by Act No. 287 of 1914, embraces but one object, and is indicative of that object, and that the observance of the procedure required by the act, as a condition precedent, to a lawful service and citation of a foreign fraternal benefit society, is incidental and germane thereto, we must avoid the judgment of the Court of Appeal and reinstate the judgment of the district court.

For the foregoing reasons, it is decreed that the judgment of the Court of Appeal herein be avoided and reversed, and that the judgment of the district court be reinstated and made the final judgment of this court, the cost in all courts to be paid by the plaintiff.

O'NIELL, C. J. (concurring).

I concur in the decree that that part of section 17 of Act No. 256 of 1912 which allows a foreign fraternal insurance corporation doing business in this state. like the Woodmen of the World, thirty days in which to answer a petition and citation addressed to the corporation and served upon the secretary of state, is constitutional. But I am not of the opinion that, if the act of 1912 was unconstitutional in that respect, it was made valid and constitutional by the amendment of its title, by Act No. 287 of 1914. If an act of the Legislature is unconstitutional, either in whole or in part, because its title is not indicative of its object, it cannot be made valid by a subsequent act which merely amends its title so as to make it indicative of the object. The purpose of the requirement that every statute shall have a title indicative of its object is to apprise those who read the title, or who hear it read, particularly the members of the Legislature who are called upon to vote for or against the act, of the object to be accomplished by the act. That purpose could not be accomplished by an amendment of the title of an act after its adoption. If section 17 of the act of 1912 had been re-enacted also, by the act of 1914, by which the title of the former act was amended, the purpose of the act of 1914 would have been accomplished, as far as section 17 was concerned. But it cannot be said that the Legislature of 1914, by giving the act of 1912 a new title, approved and in effect re-enacted the act of 1912; because a law cannot be amended or re-enacted by reference to its title. Section 17 of article 3 of Const. 1921.

If I thought that that part of section 17 of the act of 1912 was unconstitutional, which allows a foreign fraternal insurance corporation thirty days in which to answer a petition and citation served upon the secretary of state, I would consider the whole section unconstitutional; because there is no reason to believe that the Legislature would have compelled such corporations to appoint the secretary of state as their agent for service of citation, without giving them the reasonable time which the Legislature did give them in which to answer the petition and citation thus served.

But I consider section 17 of the act of 1912 constitutional because its title declares that one of its objects is "to provide for the * * * admission" of such corporations, meaning their admission to do business in this state. In State v. Southern Bell Telephone & Telegraph Co., 171 La. 1088, 133 So. 166, 168,

we held that the title of an act, "To provide for the admission into the State of corporations formed in other States," etc., was a sufficient indication of the intention to prescribe the conditions on which, and to state the rights and privileges with which, foreign corporations would be permitted to do business in this state.

ROGERS, J., concurs in the decree for the reasons given by the Chief Justice.