170 So. 244

**NEW ORLEANS COMPRESS CO., Inc., v. KATZ et al.**

No. 33659.

June 30, 1936.

Rehearing Denied Oct. 6, 1936.

Normann & McMahon and Harold M. Rouchell, of New Orleans, for appellant Mrs. I. B. Katz.

J. L. Warren Woodville and Claude L. Johnson, both of New Orleans, for appellant J. C. Menefee.

Eugene J. McGivney and Solomon S. Goldman, both of New Orleans, for appellee Pan American Life Ins. Co.

FOURNET, Justice.

The New Orleans Compress Company, Inc., as lessee of the "Paragon Warehouse," impleaded J. C. Menefee, lessor's trustee in bankruptcy; Mrs. I. B. Katz,

assignee of the rent of the leased premises; and the Pan American Life Insurance Company, seizing creditor of the United Warehouse Company, Limited, the owner of the warehouse, in order to determine which of the three is entitled to the rent that accrued since the seizure, amounting to $3,600, whch it deposited in the registry of the court.

The trustee in bankruptcy answered, challenged the assignment to Mrs. Katz, and claimed that the entire fund should be turned over to him, reserving the rights of Mrs. Katz and the insurance company to proceed in due course in the bankruptcy proceedings.

Mrs. Katz answered, asserting that she advanced the sum of $4,200 to the United Warehouse Company, and, as security for the amount loaned, the company had assigned to her the monthly rentals on the "Paragon Warehouse"; and she also filed a plea of estoppel against the trustee on the ground that he had not filed his answer within ten days from service, in accordance with the requirements of the provisions of Act No. 123 of 1922.

The Pan American Life Insurance Company filed its answer, asserting its right to the fund on the ground that the accrued rent, since the seizure of the leased premises, went with the immovable property seized.

On these issues, the case went to trial and the lower court rendered judgment awarding the fund to the Pan American Life Insurance Company. Mrs. Katz and the trustee appealed suspensively from that judgment.

The facts as disclosed by the record show that the New Orleans Compress Company, Inc., leased from the United Warehouse Company, Limited, the premises known as the "Paragon Warehouse" at a rental consideration of $600 per month, and at the time of the filing of this proceeding it was indebted for the occupancy of said premises for the rent for the months of June, July, August, September, October, and November, 1933, aggregating $3,600; that, to secure advances made by it to Mrs. Katz, the United Warehouse Company executed, on the 15th day of January, 1932, an assignment of the rent thereafter due by the plaintiff for the occupancy of the "Paragon Warehouse"; that the Pan American Life Insurance Company held a note, dated May 27, 1925, secured by mortgage on the leased premises; and that, upon default of the lessor to pay the note according to its terms, the Pan American Life Insurance Company filed executory proceedings on the 19th day of March, 1933, under which a writ of seizure and sale was issued on May 25, 1933, and on the 30th of May, 1933, the notice of seizure and sale was recorded in the mortgage records of the parish of Orleans. On the following day, bankruptcy proceedings were instituted against the United Warehouse Company, Limited, and J. C. Menefee was appointed trustee. The property was adjudicated to the Pan American Life Insurance Company on February 1, 1934, for the sum of $5,000, leaving an unpaid mortgage indebtedness of approximately $15,000.

■ It is the settled jurisprudence of the federal courts that, where the petition

in a foreclosure proceeding is filed before the bankruptcy proceedings had been instituted, the state court retains its jurisdiction for the completion of the foreclosure proceeding. See McLoughlin v. Knop (D.C.) 214 F. 260.

In the case of Thompson v. Ratcliff, 45 La.Ann. 474, 12 So. 524, the owner of a plantation had granted a mortgage containing the pact de non alienando. Subsequently, he assigned all his rights to the rents under the lease to a third party, and, upon foreclosure of the mortgage by executory process and the issuance of the writ of seizure and sale, a contest arose between the seizing creditor and the assignee of the rents, thus presenting the identical issues as in this case between the Pan American Life Insurance Company, the seizing creditor, and Mrs. Katz, the assignee of the rents. This court disposed of that question in the following language:

"Defendant was the owner of this property, and was entitled to its use and to its rents and revenues up to the moment of seizure by his mortgage creditor. He had the same power to transfer these rights as he had to transfer the property itself, and in either case the transferee is entitled to the full benefit thereof up to the date of seizure."

It is provided in article 466 of the Revised Civil Code that "fruits of an immovable, gathered or produced while it is under seizure, are considered as making part thereof, and inure to the benefit of the person making the seizure," and in article 656 of the Code of Practice that, "when the sheriff seizes houses or lands, he must take at the same time all the rents, issues and revenue, which this property may yield."

In the case of Lamorere v. Cox, 32 La. Ann. 1045, 1048, the court said that "the right to receive the revenues of the property under seizure is a right that exists in favor of the seizing creditor from the moment of seizure and continues during its existence," and in the case of Townsend v. Jacob U. Payne & Co. et al., 42 La. Ann. 909, 8 So. 626, 627, the court specifically held that *"the rents, whether payable in money, or part of the crop when seized by the sheriff, inure to the benefit of the seizing creditor under the express provisions of the law."* (Italics ours.)

■■ We are of the opinion that rents, accruing while the property in controversy was under seizure, constitute fruits of the immovable within the meaning and contemplation of the provisions of article 466 of the Revised Civil Code, and consequently inure to the benefit of the seizing creditor; and that article 656 of the Code of Practice, which makes it the duty of the sheriff to take or collect the rents and revenues that the seized property may yield while being held under a writ of fieri facias, and article 725 of the Code of Practice, giving the same privileges in executory proceedings as in seizures under fieri facias, are complementary to and provide the means of enforcing the provisions of article 466 of the Revised Civil Code.

For the reasons assigned, the judgment of the lower court is affirmed.