HIGGINS, Justice.
 

 The Peoples Homestead & Savings Association, a Louisiana corporation, instituted foreclosure proceedings via ordinaria against defendant, a borrowing member of the association, claiming a vendor’s lien mortgage against certain real estate, alleging that he had defaulted in his payments; that the whole debt became due and payable; that a writ of sequestration should be issued and the property seized; and that a receiver should be appointed to take charge of collecting the rents due therefrom.
 

 The district judge ordered the issuance of a writ of sequestration upon the plaintiff executing bond in the sum of $1,000, and appointed A. J. Lester, receiver, to collect the rents due on the seized property, upon his executing a bond in the sum of $2,000. The property was seized, and the receiver, after duly qualifying, proceeded to take charge thereof.
 

 The defendant then filed a motion to dissolve the sequestration on the ground that section 47 of Act No. 140 o'f 1932, which established the procedure under which the defendant’s property was taken, was unconstitutional, because section 47 contained provisions not covered by the title of the statute.
 

 The trial judge sustained the order appointing- the receiver and issuing the writ of sequestration, and dismissed the defendant’s rule. Defendant then applied to this court for writs of certiorari and prohibition, which were granted, and the case is now here for review.
 

 Act No. 140 of 1932 is a general and comprehensive statute governing homestead and building and loan associations in this state. The title of the act has twenty-two separate clauses, the first two reading as follows:
 

 “An Act codifying the statutes of this State in respect to all homestead and building and loan associations; prescribing the rights, obligations and duties of said corporations and of all the members thereof.”
 

 The title contains numerous clauses dealing with the organization, regulation, etc., of building and loan associations, and in clause 10 we find the following:
 

 “Providing for the repayment of all loans and for the remedies to enforce collection and payment thereof.”
 

 Fourteen statutes are repealed by the • act and four are specifically exempt from the repealing clause.
 

 
 *803
 
 It appears that section 12 of Act No. 120 of 1902 was formerly the law governing the foreclosure of homestead mortgages, but section 47 of Act No. 140 of 1932 added the new features regarding the writ of sequestration and the appointment of a receiver to collect the rents.
 

 Defendant’s counsel argue that since the initial statement of the title was that it is “An act codifying the statutes of the State, etc.,” that one would only look for a repetition of the provisions of section 12 of Act No. 120 of 1902 with reference to the remedies for the enforcement, collection, and payment of delinquent and matured homestead loans, and that there is nothing in the title of the statute which would reasonably place any one on guard to expect the amendment by which these new features were added. They, therefore, say that section 47 of the statute is unconstitutional, being in violation of the provisions of section 16, article 3 of the Constitution of 1921, which reads:
 

 “Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.”
 

 In reviewing the decisions of this court, construing similar if not identical provisions of the Constitution of 1898, in the case of Southern Hide Co., Inc. v. Best et al., 176 La. 347, 145 So. 682, 683, we said:
 

 “It is not the purpose of this article [article 31 of the Constitution of 1913] to require that the title be an index to the contents of the act, or that every end and means convenient or necessary for the accomplishment of the general object of the act be set out at length in the title, but it is deemed sufficient, under the article, that the act contain but one object and that the object be fairly stated, although it be expressed in general terms, in the title of the act. All things proper or necessary to carry out the general object, so stated in the title, are deemed to be within the scope of the title. Thornhill v. Wear, 131 La. 479, 59 So. 909; State v. Hincy, 130 La. 620, 58 So. 411; Succession of Lanzetti, 9 La.Ann. 329.”
 

 In the case of Ellerbe et al. v. Grace et. al., 162 La. 846, 111 So. 185, 186, the title of Act No. 124 of 1862 read: “An act relative to shallow lakes.” The Legislature then provided in the statute that all lakes which, by reason of natural causes, may become dry land shall be deemed to be “swamp lands” of the same character as those granted to the state by the federal swamp land acts. It was contended that the statute was unconstitutional. The Supreme Court rejected the argument and said:
 

 “Nor do we think that said Act No. 124 of 1862 is broader than its title. All lakes must necessarily become shallow lakes before ultimately drying up altogether, so that the title, ‘Relative to shallow lakes,’ gave a clear insight into the character of legislation intended; which was all that was necessary. In State v. Fobbs, 160 La. 237, 106 So. 840, we said that more harm than good would result from an interpretation too rigorous and technical of the constitutional requirement that the object of an act should be expressed in its title, and added:
 

 
 *805
 
 “ ‘If, in applying it, we should follow the rules of a nice and fastidious verbal criticism, we should often frustrate the action of the Legislature, without fulfilling the intention of the framers of the Constitution’ — quoting from Succession of Lanzetti, 9 La.Ann. 329.”
 

 In Grinage et ux. v. Times-Democrat Pub. Co., 107 La. 121, 31 So. 682, 683, this court held that a statement in the title of Act No. 136 of 1880 to the effect that it was “to regulate the collection of said fees” (meaning the fees of sheriffs and clerks) was sufficient to sustain a provision giving the defendant the right to require plaintiff to give a bond to secure payment to the defendant of the costs expended by him. The language of the court is as follows:
 

 “Regulating the collection of costs is a term broad and comprehensive enough to cover the requirement of security for costs, and as defendant may incur obligation for costs and pay out money for costs in the preparation of its defense, it is not without the pale of the title of the act when the body thereof authorizes the exaction from plaintiffs of a bond for the costs it may expend.”
 

 In the case of State v. Hincy, 130 La. 620, 58 So. 411, it was held that it was not necessary for the title of an act to be a complete index to every section of the statute, and that it is sufficient that it shall, in general terms, direct attention to the purpose of the law. See, also, American Printing House for Blind, Louisiana Board v. Dupuy, 37 La.Ann. 188; St. Anna’s Asylum v. Parker, 109 La. 592, 33 So. 613; White Oil Corp’n v. Flanagan, 153 La. 837, 96 So. 675; State v. Monteleone, 171 La. 437, 131 So. 291; Edwards v. Police Jury, 39 La.Ann. 855, 2 So. 804; Thornhill v. Wear, 131 La. 479, 59 So. 909.
 

 In State v. LaHiff, 144 La. 362, 80 So. 590, it was held that the constitutional provision that the statute shall have but one object expressed in its title does not mean that every means appropriate for accomplishing that object shall be provided fof by a separate act. See, also, State v. Eddins, 160 La. 902, 107 So. 616; State v. Scallan, 160 La. 162, 106 So. 731; and State v. Brooks, 162 La. 938, 111 So. 335.
 

 A case which is similar to the one before us is McIntyre v. Sovereign Camp, W.O.W., 172 La. 810, 135 So. 365, where the constitutionality of section 17 of Act No. 256 of 1912 established a different procedure for citation and delay for answering in behalf of fraternal associations, and it was contended that this proviso violated section 16 of article 3 of the Constitution of 1921, because it changed the procedural law of the state without a declaration of such intention in the title of the act. In reversing the judgment of the Court of Appeal and upholding the constitutionality of the statute, this court, 172 La. 810, at page 815, 135 So. 365, 367, said:
 

 “A reading of the title leaves no doubt in our minds that the Legislature intended to make the title all comprehensive, and this conclusion is fortified by the fact that Act No. 287 of 1914 was passed at the first session of the General Assembly held after the decision was rendered in the case of
 
 *807
 
 Lavedan v. Thompson, 133 La. 882, 63 So. 389. It is evident that the General Assembly intended to meet the situation created by that decision and to provide against the possibility of future successful attacks upon the act.”
 

 A creditor asserting a lien and privilege on property has the right to sequester it under subdivision 7, of art. 275, Code Prac. Gest & Atkinson v. New Orleans St. L. & C. R. Co., 30 La.Ann. 28. A seizing creditor has a right to have the sheriff collect the rents from the property seized. Rev.Civ.Code, art. 466; Code Prac. art. 656; In re New Orleans Compress Co. Inc. v. Katz et al., 170 So. 244, of this court, decided June 30, 1936, rehearing refused October 6, 1936. These remedies have long been recognized by our law. It was therefore not unusual or extraordinary for the Legislature to place them in section 47 of the statute in question, and one might reasonably expect to find such remedies provided for in a general act such as we are considering.
 

 In the instant case, we are of the opinion that the title of the act was sufficient to cover the remedies provided in the body of the statute.
 

 We further conclude that the act only contained one object and the question of procedure was merely auxiliary and incidental to the main object.
 

 For the reasons assigned, the writs are recalled and vacated, the' rule nisi dismissed, and the judgment of the district court affirmed, at relator’s costs.