McCALEB, Justice.
 

 On January 16, 1947, appellant was distributing circulars extolling the virtues of
 
 *245
 
 the communist element of the National Maritime Union on the streets of New Orleans. He was arrested by the police and charged with violating Ordinance No. 8080, as amended by Ordinance No'. 14,553 C.C. S. This ordinance makes it unlawful for any person “* * * to distribute * * * on the public streets, * * * any dodgers or hand advertisements, whether of a theatrical nature or otherwise * *
 

 After a trial in the First Recorder’s Court, appellant was found guilty and sentenced to pay a fine of $15 or serve fifteen days in jail. He has appealed to this court
 
 [1]
 
 from the conviction and sentence and assails the legality of the fine imposed below on the ground that the ordinance, when properly construed, does not and could not apply to or include within its terms the act which formed the basis of the complaint made against him. Alternatively, he maintains that, if the ordinance should be interpreted as applying to the dissemination of communist propaganda, then it is unconstitutional being violative of the First and Fourteenth Amendments of the Constitution of the United States prohibiting the abridgement by Congress or the States of the freedom of speech or of the press and the third section of Article I of the Constitution of this State declaring that no law shall ever be passed to curtail or restrain the liberty of speech or of the press.
 

 A reading of the ordinance makes it plain, we think, .that it is without 'application to the distribution of political circulars. The ordinance denounces the distribution in and on the public streets of “dodgers or hand advertisements whether of a theatrical nature or otherwise.” We construe the language used as cognate only to the distribution of circulars of a commercial nature.
 
 [2]
 
 To hold that it is of such broad import that it proscribes the dissemination of political literature or material advocating particular ideologies would render the ordinance unconstitutional as a restraint upon the guarantees of freedom of speech or the press.
 
 [3]
 
 And it matters not that the doc
 
 *246
 
 trines circulated are adverse to democratic principles of free speech and a free press and that their purveyor is, paradoxically, relying upon those constitutional guarantees to shield him from prosecution and punishment.
 

 The City Attorney proclaims that the conviction should stand because the ordinance “is simply a police regulation enacted to prevent the unreasonable cluttering of the streets with trash and defacements” and he argues that whether appellant violated the ordinance is a question of fact which cannot be considered by this court.
 

 The contention is not tenable. Appellant is not charged under an ordinance prohibiting the cluttering of the streets with trash;
 
 [4]
 
 he is charged under an ordinance forbidding the distribution of hand advertisements, etc. The question presented for determination is not one of fact (the facts are not disputed) but one •of law — that is, whether the act for which appellant was convicted is a violation of the •ordinance and, if it is, whether the ordinance is constitutional.
 

 The conviction and sentence appealed from are annulled and the charge against .appellant is dismissed.
 

 [2]
 

 Even if we wore in doubt as to the intention of the lawmaker, it would he our duty to adopt an interpretation upholding the constitutionality of the ordinance. See Borden v. Louisiana State Board of Education, 168 La. 1005, 123 So. 655, 67 A.L.R. 1183; Sample v. Whittaker, 174 La. 245, 140 So. 36; State v. Wilson & Co., 179 La. 648, 154 So. 636; City of Shreveport v. Bayse, 166 La. 689, 117 So. 775; State v. Malory, 168 La. 742, 123 So. 310 and McIntyre v. Sovereign Camp W. O. W., 172 La. 810, 135 So. 365.
 

 [3]
 

 Lovell v. Griffin, 303 U.S. 444, 58 S. Ct. 666, 82 L.Ed. 949; Hague v. Com
 
 *246
 
 mittee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Schneider v. Irvington, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155; Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213, 128 A.L.R. 1352; Martin v. City of Strutters, 319 U.S. 141, 63 S.Ct. 862, 87 L.Ed. 1313 and State v. Sanford, 203 La. 961, 14 So.2d 778.
 

 [4]
 

 Such an ordinance would be void if applied to appellant. Schneider v. Irving-ton, supra.